OPINION OF THE COURT
John C. Marbach, J.
In this CPLR article 78 proceeding, petitioner seeks to annul and expunge from her record the results of a disciplinary hearing which found her guilty of misconduct.
Among the contentions made in support of the petition is the claim that petitioner’s right to call witnesses in her defense was violated by the Hearing Officer’s failure to secure the testimony of an inmate who would allegedly have given exculpatory evidence. That inmate, one Ms. Miller, stated to *422 the authorities that she "did not want to be involved”. No other reason for her refusal to testify appears on the record and petitioner argues, and the court agrees, that the mere desires of a witness not to be involved is an insufficient reason, judged by the relevant regulations, for failure to obtain the witness’ testimony (Matter of Coleman v Coombe, 65 NY2d 777). The Hearing Officer’s failure to provide a substantial reason for Ms. Miller’s failure to testify, and the additional failure to explain why no apparent effort was made to interview Miller confidentially amount to a denial of the rights afforded petitioner under the regulations (Matter of Barnes v LeFevre, 69 NY2d 649). The violations of regulations, when viewed in the light of the rather insubstantial inculpatory evidence, amount to a denial of due process and mandate the expunging of the finding of guilt made as a result of the hearing.
The petition is granted.