■ In the Matter of GILBERTO SILVA, Petitioner, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Thomas A. Coughlin, III, Commissioner of the New York State Department of Correctional Services, dated September 9, 1987, which affirmed the determination of the respondent Charles J. Scully, Superintendent of Green Haven Correctional Facility, which, after a hearing, found the petitioner guilty of fighting, assault (two counts), and disturbing the order of the facility, and imposed a sanction.

Adjudged that the petition is granted, on the law, without costs or disbursements, the determinations of the respondents are annulled, the charges are dismissed and the respondents are directed to expunge all references to the proceeding from the petitioner's departmental and institutional files and to restore any good behavior allowance lost by the petitioner.

We find that the respondents' determinations were not supported by substantial evidence.

The only evidence in support of the assault charges was a misbehavior report, written by Sergeant Michael Britton, who testified that he had not witnessed the assaults. Britton stated that his report was based upon information he had obtained from other unidentified officers, who had allegedly observed the assaults. However, no other direct or circumstantial evidence tending to support the assault charges was submitted at the hearing. Therefore, there was no " 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " that the petitioner had assaulted two other inmates (cf., *Matter of Giano v Sullivan*, 137 AD2d 529, 531, quoting from *People ex rel. Vega v Smith*, 66 NY2d 130, 139). Contrary to the respondents' contention, in *Matter of Giano v Sullivan (supra)*, in addition to a misbehavior report, there was direct and circumstantial evidence which supported the charges against the inmate.

With regard to the charges of fighting and disturbing the order of the facility, the testimony of Officer Stephen P. Pinchak only indicated that prior to the fight in the prison yard, he saw the petitioner being chased by another inmate who was armed with a broom handle. Pinchak caught up to the inmate, who was chasing the petitioner and started to escort the inmate, who was "cut up quite severely", out of the yard and to the hospital. "All of a sudden", the inmate "jumped out" of Pinchak's arms and began to chase the petitioner again. As the officer chased the inmate, the latter picked up a rock and hit the petitioner on his back. They chased around a bit more and when the inmate finally caught the petitioner, they began fist fighting in the yard. Under these circumstances, it cannot be said that there was substantial evidence that the petitioner was responsible for fighting and disturbing the order of the facility. The respondents' contention that the petitioner was being attacked by one of the inmates that the petitioner had allegedly assaulted earlier that day was also not supported by substantial evidence in the record.

We find that the petition must be granted for the further reason that the "respondents * * * impermissibly denied to [the] petitioner his right to call [certain inmates as] witnesses in violation of their own regulations (see, 7 NYCRR 254.5)" *(Matter of Barnes v LeFevre, 69 NY2d 649, 650)*. As noted in *Matter of Barnes*, "where the record does not reflect any reason for the witness' refusal to testify, or that any inquiry

was made of him as to why he refused or that the hearing officer communicated with the witness to verify his refusal to testify, there has been a denial of the inmate's right to call witnesses as provided in the regulations" *(Matter of Barnes v LeFevre, supra,* at 650). In this case, the petitioner had requested that two inmates be called as witnesses. However, these inmates were permitted to indicate their refusal to testify by so noting on a printed form, apparently issued by the New York State Department of Correctional Services, to be used in its various facilities. Specifically, a blank form provides as follows:

### "REQUESTED INMATE WITNESS REFUSAL TO TESTIFY IN TIER II/TIER III DISCIPLINARY HEARING

"I, _____, _____, hereby refuse to testify on behalf of
    NAME        DIN

_____, _____, in his/her Tier II/Tier III hearing for a
    NAME        DIN

misbehavior report of _____ for the following reason(s):
                          DATE

"1. Does not want to be involved ____

"2. Does not know enough about specific incident to provide relevant testimony ____

"3. Other (specify reason) _____

| SIGNATURE | DATE |
| --- | --- |

"If the requested inmate witness refuses to complete or sign this form, such refusal should be indicated below and witnessed by two employees.

____ Refuses to sign or provide reasons for refusal to testify.

"Witnessed By: ____ Date ____ Time ____

"Witnessed By: ____ Date ____ Time ____".

The witnesses herein put "X" marks next to reasons numbered 1 and 2 and signed and dated the forms.

Contrary to the respondents' contention, we do not find that the form comports with the requirements of the Court of Appeals holding in *Matter of Barnes v LeFevre (supra).* In that case, the court clearly held that the respondents had the responsibility of making a meaningful effort to secure the testimony of requested inmate witnesses. The mere fact that a witness checked a box indicating he did not want to get involved is an insufficient reason to justify the failure to obtain the witness's testimony without further inquiry *(see,* 7 NYCRR 254.5; *Matter of Briggs v Lord,* 138 Misc 2d 421).

Moreover, the witnesses' indications on the form that they "[did] not know enough about [the] specific incident to provide relevant testimony" were clearly specious since the prison officers contended that these two inmates were the individuals who were assaulted by the petitioner. Additionally, one of these inmates had engaged the petitioner in the later fist fight which was observed by Officer Pinchak. Therefore, the Hearing Officer's failure to interview these witnesses to explore their reasons for not testifying constituted a denial of the petitioner's rights afforded him under the respondents' own regulations (see, 7 NYCRR 254.5; Matter of Barnes v LeFevre, supra). The mere use of this form, under the circumstances, facilitated circumvention of the petitioner's right to call witnesses as provided in the regulations.

In light of our determination, we do not reach the other contentions raised by the petitioner. Mollen, P. J., Thompson, Lawrence and Weinstein, JJ., concur.