■ In the Matter of DONNA HYLTON, Appellant, v ELAINE LORD, as Superintendent of Bedford Hills Correctional Facility, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Correctional Services, dated September 10, 1987, which, after a Superintendent's hearing, found the petitioner guilty of violating certain prison disciplinary regulations.

Adjudged that the petition is granted to the extent that so much of the determination (1) as found the petitioner guilty of two counts of assault (7 NYCRR 270.1 [b] [1]), and (2) as imposed certain penalties is annulled; the determination is otherwise confirmed and the proceeding is otherwise dismissed, without costs or disbursements, and the matter is remitted to the respondents for the imposition of a new penalty.

On June 22, 1987, there was a complete breakdown in discipline at the Bedford Hills Correctional Facility, in which the petitioner is confined under a sentence of imprisonment. On that day, several prisoners, allegedly including the petitioner, took it upon themselves to conduct a cell-by-cell search of other inmates' property, and also to conduct intrusive body-cavity searches of several other inmates, in what was ostensibly an effort to locate property believed to have been stolen from inmate Sharon Frisbie. For her role in the incident, the petitioner was charged with and, after a Superintendent's hearing (7 NYCRR part 254), was found guilty of the following violations of prison disciplinary regulations: two counts of assault (7 NYCRR 270.1 [b] [1] [i]), being out of place (7 NYCRR 270.1 [b] [10] [i]), acting in a group, engaging in

conduct involving the threat of violence which created a danger to facility security (7 NYCRR 270.1 [b] [5] [i]) making threats (7 NYCRR 270.1 [b] [3]), and engaging in conduct which disturbed the order of the facility (7 NYCRR 270.1 [b] [1] [v]). This CPLR article 78 proceeding was subsequently commenced in the Supreme Court, Westchester County, and transferred to this court pursuant to CPLR 7804 (g).

The testimonial evidence produced at the Superintendent's hearing was almost entirely exculpatory; the charges against the petitioner were proved, if at all, only through the introduction of certain unauthenticated hearsay documents. We recognize that a document which describes misconduct which was actually witnessed by the document's author may constitute substantial evidence of such misconduct *(People ex rel. Vega v Smith,* 66 NY2d 130, 139-140; *see also, Matter of Perez v Wilmot,* 67 NY2d 615). However, this court has held that the contents of an incident report, which was prepared by an individual who did not actually witness the alleged misconduct, may not, by itself, constitute substantial evidence *(see, Matter of Silva v Scully,* 138 AD2d 717, 718).

The only sources of evidence that the petitioner committed the two assaults with which she was charged consisted of (1) a report under the name of Investigator James Leslie, which contains an unsigned statement purportedly made by the alleged victim of the assaults, and (2) a misbehavior report which is an apparent compilation of other documents. Neither of those documents was authored by a witness to the alleged assault, and, under the standard announced in *Matter of Silva v Scully (supra),* they may not be considered substantial evidence of the assault charges *(see also, Matter of Wynter v Jones,* 135 AD2d 1032, 1033; *Matter of Wanton v Coughlin,* 117 AD2d 376, 377; *cf., People ex rel. Vega v Smith,* 66 NY2d 130, *supra).*

The determination, insofar as it declared the petitioner guilty of two counts of assault (7 NYCRR 270.1 [b] [1]), must be annulled because of a procedural reason as well. The petitioner sought to have the supposed victim, Elizabeth Rodriguez, testify at the hearing. The only evidence of any attempt to compel Ms. Rodriguez to testify is a form, signed by Ms. Rodriguez and by the petitioner's legal assistant, dated June 29, 1987, which contains the notation "threat of violence" as the reason for Ms. Rodriguez' refusal to testify. In *Matter of Silva v Scully* (138 AD2d 717, *supra),* this court interpreted the case of *Matter of Barnes v LeFevre* (69 NY2d 649, 650) as holding that a vague hearsay statement made by

a reluctant witness, similar to that purportedly made here, and contained on the same official "requested inmate witness refusal to testify" form, is not sufficient to relieve the Hearing Officer of his duty "to interview [the witness] to explore [her] reasons for not testifying" *(Matter of Silva v Scully, supra,* at 720).

We find, however, that there was sufficient evidence to sustain the remaining charges against the petitioner. The evidence included a statement signed by a witness to, and victim of, the misconduct committed by the group of inmates of which the petitioner was a part. In this statement, the petitioner is identified as one of several prisoners who, acting as a group, used threats and intimidation in order to coerce fellow inmates into submitting to searches of their persons and of their property, thus creating a serious risk to the order of the facility and hence to the lives and safety of those confined to it. Since this document was signed by a witness to the misconduct, it may be considered to be substantial evidence *(see, People ex rel. Vega v Smith,* 66 NY2d 130, *supra; cf., Matter of Silva v Scully,* 138 AD2d 717, *supra).*

Further, with respect to Ms. Rodriguez' testimony as to the lesser charges against the petitioner, there is no indication that such testimony would have been noncumulative and the failure to produce her at the hearing does not warrant a vacatur of these lesser charges.

We have examined the petitioner's remaining contentions concerning the legality of the punishment imposed, and concerning the impartiality of the Hearing Officer, and find them to be without merit. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.