■ In the Matter of JOSE LUNA, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Corrections, Appellant. [620 NYS2d 544] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered December 30, 1993 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing, petitioner was found guilty of violating a prison disciplinary rule which forbids, *inter alia,* the possession or use of narcotic substances, and was disciplined accordingly; two positive tests of petitioner's urine prompted the charges against him and the ensuing hearing. His administrative appeal having been rejected, petitioner commenced this CPLR article 78 proceeding seeking annulment of respondent's determination upholding the Hearing Officer's decision. Supreme Court found merit in petitioner's argument that his right to due process was violated by the Hearing Officer's failure to make a "meaningful effort" to secure the testimony of an inmate witness, and granted the petition. Respondent appeals.

We reverse. While a prison disciplinary determination must be set aside when the Hearing Officer denies an inmate's conditional right to call a witness without explanation, it need not be disturbed when the record discloses the basis for the denial *(see, Matter of Laureano v Kuhlmann,* 75 NY2d 141, 147). In this regard, it has been held that a hearsay report

that the witness refuses to testify, without more, is an insufficient ground for such a denial *(see, Matter of Barnes v Le-Fevre,* 69 NY2d 649, 650). Here, the Hearing Officer did indeed rely on a correction officer's hearsay reports that the inmate had declined petitioner's request; the Hearing Officer did not personally interview the inmate. Nevertheless, as with all hearsay testimony that may be considered in a disciplinary context, the critical inquiry is whether the record, taken as a whole, provides sufficient detail and information from which the Hearing Officer can evaluate the credibility of the declarant *(see, e.g., Matter of Franklin v Hoke,* 174 AD2d 908), in this instance the requested witness.

There is ample basis in the record from which the Hearing Officer could determine whether the inmate's refusal, and the reasons given therefor, were genuine *(see also, Matter of Salcedo v Coughlin,* 197 AD2d 729, 730). The Hearing Officer sent a correction officer to confer with the inmate three times, and debriefed the returning officer each time. The Hearing Officer was furnished specific reasons for the inmate's refusal to testify *(compare, Matter of Barnes v LeFevre, supra,* at 650; *Matter of Contras v Coughlin,* 199 AD2d 601, 602), and for his refusal to sign a written refusal form or to further explain why he would not testify. Nothing in the record before the Hearing Officer casts doubt on the authenticity of the reasons given *(compare, Matter of Codrington v Mann,* 174 AD2d 868, 869; *Matter of Silva v Scully,* 138 AD2d 717, 720), so as to require that he inquire further *(compare, Matter of Brodie v Selsky,* 203 AD2d 671, 672). Moreover, the Hearing Officer instructed the correction officer to explain to the inmate the nature of the testimony sought *(compare, Matter of Williams v Coughlin,* 145 AD2d 771, 772), and there is no indication that there was any confusion as to this.

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.