■ In the Matter of ANTHONY BOYD, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [632 NYS2d 684] —Appeal from a judgment of the Supreme Court (Ellison, J.), entered December 19, 1994 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of violating prison disciplinary rules prohibiting the possession of contraband and excess or altered clothing. He claims that his right to call witnesses at the hearing was violated because the Hearing Officer failed to adequately inquire as to the reason certain inmate witnesses refused to testify. We find this argument to be without merit. The record reveals that a correction officer attempted to obtain the presence of three inmate witnesses at the hearing, but that these witnesses told him that they did

not wish to testify because they did not know anything. When this correction officer reapproached these witnesses at the direction of the Hearing Officer, they again indicated that they would not testify and would not sign a refusal to testify form. Although the Hearing Officer did not personally interview these witnesses himself, we find that the correction officer's testimony provided the Hearing Officer with sufficient information to evaluate the credibility of these witnesses and the authenticity of the reason for their refusal to testify (*see, Matter of Luna v Coughlin*, 210 AD2d 757). Accordingly, we do not find that petitioner was denied the right to call witnesses.

Cardona, P. J., Mikoll, Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.