■ In the Matter of ANTHONY BOYD, Petitioner, v DONALD SELSKY, as Director of Special Housing, et al., Respondents. [649 NYS2d 491] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner engaged in a physical altercation with another inmate and was charged with violating various prison disciplinary rules. Following a disciplinary hearing, petitioner was found guilty of all charges. Upon administrative appeal, the determination was reversed and the matter remitted for a rehearing. After the rehearing, petitioner was again found guilty of all charges. He commenced this CPLR article 78 proceeding challenging this determination.

Initially, petitioner argues that the rehearing should not have been ordered because the original determination was reversed due to an error of constitutional dimension. We find this contention to be without merit. The rehearing was ordered because the Hearing Officer failed to adequately inquire into the refusal of certain witnesses to testify at the original hearing. We have found this type of procedural error to be grounds for ordering a rehearing where the error is discovered prior to the rendition of the final determination (*see, Matter of Brodie v Selsky*, 203 AD2d 671, 672). As this was the situation in the case at hand, we conclude that the rehearing was properly ordered.

Petitioner also contends that he was denied the right to present two inmate witnesses at the rehearing. Both witnesses, however, refused to testify. Inmate Leroy Huggins signed a refusal form indicating that he did not wish to testify because he did not know enough about the subject incident. The other inmate witness, Robert Brodie, refused to testify or to sign a refusal form. The Hearing Officer, however, questioned two correction officers who attempted to escort Brodie to the hearing room about Brodie's refusal. They stated that Brodie

refused to testify because he did not want to get involved. In view of this, we find that the Hearing Officer made sufficient inquiry into the facts surrounding Brodie's refusal to testify so as to ascertain that his refusal was genuine (*see, Matter of Boyd v Coughlin,* 220 AD2d 913; *Matter of Luna v Coughlin,* 210 AD2d 757). We further find that the witness refusal form signed by Huggins adequately explained the reason for his refusal to testify (*see, Matter of Laureano v Kuhlmann,* 75 NY2d 141, 147). We have considered petitioner's remaining claims and find them to be without merit.

Mikoll, Yesawich Jr., Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.