■ In the Matter of PABLO RODRIQUEZ, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, et al., Respondents. [653 NYS2d 721] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of re-

---

spondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged with ordering an assault upon another inmate in his capacity as a gang leader. He was found guilty, after a disciplinary hearing, of violating a prison disciplinary rule prohibiting inmates from assaulting other inmates. He challenges this determination arguing, *inter alia*, that it is not supported by substantial evidence and that he was improperly denied the right to call a certain witness at the hearing.

Based upon our review of the record, we find petitioner's claims to be without merit. The misbehavior report, along with the testimony of the correction officer who prepared it and the information furnished by the confidential informants, provide substantial evidence supporting the determination of guilt. Our in camera review of the transcript of the confidential tape convinces us that the Hearing Officer undertook an adequate independent investigation to assess the reliability of the confidential informants (*see, Matter of Scott v Coombe,* 228 AD2d 996; *Matter of Otero v Coughlin,* 225 AD2d 841; *Matter of Harrison v Selsky,* 222 AD2d 914, *appeal dismissed* 87 NY2d 1054). In addition, the record reveals that the inmate whom petitioner claims he was precluded from calling as a witness at the hearing communicated his unwillingness to testify to the Hearing Officer. The fact that he would not cooperate in signing a refusal to testify form does not establish that petitioner was improperly deprived of his testimony (*see, Matter of Boyd v Coughlin,* 220 AD2d 913). We have considered petitioner's remaining contentions and find them to be unavailing.

Mikoll, J. P., Casey, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.