■ In the Matter of RAYMOND EDWARDS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [749 NYS2d 315] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Substantial evidence supports the determination finding petitioner guilty of violating the prison disciplinary rules that prohibit possession of a weapon and possession of an altered item after a search of his cell revealed a metal shank hidden in the binding of a book. Petitioner concedes that he was in possession of the book, but denies that he knew that a weapon was secreted in the binding. Petitioner's assertion that he was unaware of the weapon in the book created a credibility issue for the Hearing Officer to resolve (*see Matter of Jackson v Selsky*, 288 AD2d 802, *lv denied* 97 NY2d 612). Furthermore, although petitioner claims that he did not have exclusive access to his cell and that the book recently had been given to him by another inmate, a reasonable inference of possession nevertheless arises from the fact that the weapon was found in an area within his control (*see id.*; *Matter of Tarbell v Goord*, 263 AD2d 563).

Next, we reject petitioner's contention that the misbehavior report was not sufficiently detailed to adequately notify petitioner of the charges against him and enable him to prepare a defense. Although the reporter's signature and preparation date appeared only on the Hearing Officer's copy of the misbehavior report, such information appeared in the body of the misbehavior report. Moreover, the reporting officer testified at the hearing. Under these circumstances, we find that petitioner has failed to demonstrate any prejudice (*see Matter of Alamin v New York State Dept. of Correctional Servs.*, 252 AD2d 824). Petitioner's remaining contentions have been reviewed and found to be without merit.

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.