◼ MARCO PEREZ, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [954 NYS2d 287]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating the prison disciplinary rules that prohibit violent conduct, assault on inmates, gang activity and actions detrimental to the order of the correctional facility. The charges stemmed from a security investigation into a rash of fights between Dominican and other Hispanic inmates. According to confidential information, petitioner was identified as the leader of a Dominican gang who, on specified dates, ordered assaults on other Hispanic inmates motivated by the gang's belief that non-gang member Hispanic inmates leaked information leading to the discovery and confiscation of weapons belonging to the Dominican gang. Contrary to petitioner's contention, the misbehavior report, testimony at the hearing and the confidential information provide substantial evidence to support the determination (*see Matter of Sanchez v Fischer*, 92 AD3d 1061, 1062 [2012]; *Matter of Phipps v Fischer*, 82 AD3d 1396, 1397 [2011]). The record establishes that the Hearing Officer, who personally interviewed the confidential informant, properly conducted an independent assessment of the reliability of the confidential information received (*see Matter of Pisano v Fischer*, 87 AD3d 1247, 1248 [2011]).

We find petitioner's contention that the hearing was untimely

commenced to be without merit as the record demonstrates that extensions were duly authorized in order to provide petitioner and his inmate assistant with a Spanish interpreter (*see Matter of Abreu v Coughlin*, 157 AD2d 1028, 1029 [1990]). Petitioner's assertion that the Hearing Officer was involved in the investigation and, therefore, was biased is belied by the record.

Petitioner's remaining contentions, including that the misbehavior report did not give him adequate notice of the charges, have been reviewed and found to be without merit.

Peters, P.J., Spain, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.