# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1154**
**TP 14-00469**
PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF LATIQUE JOHNSON, PETITIONER,

V                                                    MEMORANDUM AND ORDER

ALBERT PRACK, DIRECTOR, SPECIAL HOUSING/INMATE
DISCIPLINARY, RESPONDENT.

---

LATIQUE JOHNSON, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Thomas G. Leone, A.J.], entered March 6, 2014) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination is unanimously annulled on the law without costs and the matter is remitted to respondent for a new hearing.

Memorandum: In this CPLR article 78 proceeding, petitioner seeks to annul respondent's determination, following a tier III disciplinary hearing, that petitioner violated inmate rules 104.11 (7 NYCRR 270.2 [B] [5] [ii] [violent conduct]); 104.13 (7 NYCRR 270.2 [B] [5] [iv] [creating a disturbance]); 105.13 (7 NYCRR 270.2 [B] [6] [iv] [gangs]); and 105.14 (7 NYCRR 270.2 [B] [6] [v] [unauthorized organizations]). We note at the outset that, contrary to petitioner's contention, the determination is supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139). We agree with petitioner, however, that he was denied the right to call witnesses.

Generally, an inmate has a conditional right to call witnesses at a prison disciplinary hearing when doing so does not threaten institutional safety or correctional goals (*see Matter of Santiago v Fischer*, 76 AD3d 1127, 1127; *Matter of Alvarez v Goord*, 30 AD3d 118, 119). Here, as respondent correctly concedes, the Hearing Officer violated petitioner's right to call witnesses as provided in the regulations (*see* 7 NYCRR 254.5; *see generally Matter of Barnes v LeFevre*, 69 NY2d 649, 650). Although petitioner seeks expungement, he is not entitled to that relief at this juncture. Where, as here, "a

good faith reason for the denial appears on the record, this amounts to a regulatory violation" rather than a violation of petitioner's constitutional rights, "requiring that the matter be remitted for a new hearing" (*Matter of Morris-Hill v Fischer*, 104 AD3d 978, 978; *see Santiago*, 76 AD3d at 1127).  We therefore annul the determination and remit the matter to respondent for a new hearing.