*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015                    516862
_____

In the Matter of MYLES JACKSON,
                    Petitioner,

        v                                   MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:  February 11, 2015

Before:  Peters, P.J., Garry, Rose and Lynch, JJ.

                        _____


        Ken McCauley, Albany, for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Jonathan D.
Hitsous of counsel), for respondent.

                        _____


Lynch, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
certain prison disciplinary rules.

        Petitioner, a prison inmate, was charged in a misbehavior
report with violating various prison disciplinary rules after he
allegedly conspired with other inmates to assault a correction
officer.  Following a tier III disciplinary hearing, he was found
guilty of engaging in a demonstration, violent conduct and making
threats.  The determination was upheld on administrative appeal,
prompting petitioner to commence this CPLR article 78 proceeding.

    Petitioner argues that he was deprived of his conditional right to call witnesses at the disciplinary hearing, and we agree (see 7 NYCRR 254.5 [a]; Matter of Laureano v Kuhlmann, 75 NY2d 141, 146 [1990]; Matter of Hill v Selsky, 19 AD3d 64, 65 [2005]). Petitioner contended that the misbehavior report was issued in retaliation for a grievance he had filed regarding the officer. Another inmate, Tracy Douglas, was implicated in the conspiracy to attack the officer and telephoned petitioner's wife to report that the officer posed a threat to petitioner. Petitioner, unsurprisingly, requested that Douglas testify. Douglas never agreed to do so and, after he was moved to another prison, he completed a refusal form in which he declined to testify on the ground that he did not "know what[] [was] going on."

    As a general rule, "no violation of the right to call witnesses will be found when there was no prior assent to testify, but the reason for the refusal appears in the record" (Matter of Hill v Selsky, 19 AD3d at 66-67; see Matter of Fernandez v Fischer, 110 AD3d 1422, 1423 [2013]). Further inquiry is nonetheless required, however, where the reason given by the witness for refusing to testify is "clearly specious" (Matter of Beckford v Coughlin, 210 AD2d 775, 776 [1994], lv denied 85 NY2d 807 [1995]; see Matter of Silva v Scully, 138 AD2d 717, 720 [1988]). Here, Douglas' claim to have no relevant knowledge is belied by the record evidence, which demonstrates that he was aware of the interactions between petitioner and the officer and, moreover, suggests that he was involved in the conspiracy against the officer. Therefore, because the hearing evidence "cast[] doubt on the authenticity of the reasons given" for Douglas' refusal to testify, the Hearing Officer erred in accepting his alleged lack of knowledge at face value and conducting no additional inquiry (Matter of Luna v Coughlin, 210 AD2d 757, 758 [1994]). Inasmuch as the determination is otherwise supported by substantial evidence and the Hearing Officer articulated "a good-faith reason for the denial [of Douglas as a witness] . . ., this amounts to a regulatory violation requiring that the matter be remitted for a new hearing" (Matter of Morris-Hill v Fischer, 104 AD3d 978, 978 [2013]; see Matter of Hand v Gutwein, 113 AD3d 975, 976 [2014], lv denied 22 NY3d 866 [2014]).

Petitioner's remaining arguments are rendered academic in light of the foregoing.

Peters, P.J., Garry and Rose, JJ., concur.

ADJUDGED that the determination is annulled, without costs, and matter remitted to the Commissioner of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court