*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 17, 2015                520836
_____

In the Matter of OSBOURNE
    BROADIE,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  August 10, 2015

Before:  Peters, P.J., McCarthy, Garry and Clark, JJ.

                    _____


        Matthew McGowan, Prisoners' Legal Services of New York,
Albany, for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____


        Appeal from a judgment of the Supreme Court (Platkin, J.),
entered July 1, 2014 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent finding
petitioner guilty of violating certain prison disciplinary rules.

        A correction officer observed petitioner approach another
inmate in the plumbing shop and repeatedly strike the inmate in
the head with a pipe wrench.  As a result, petitioner was charged
in a misbehavior report with refusing a direct order, assaulting
an inmate, engaging in violent conduct and possessing a weapon.
Petitioner requested various witnesses to testify at the tier III
disciplinary hearing, including two inmates who were allegedly

present in the plumbing shop at the time of the incident.  Prior to the commencement of the hearing, petitioner's employee assistant informed him that both inmates refused to testify. Although petitioner acknowledged this during the hearing, he maintained that he wanted his assistant to obtain written statements from these inmates setting forth their reasons for not testifying.  The Hearing Officer agreed to have staff question these inmates and, if they still refused to testify, to ascertain their reasons.  Later in the hearing, the Hearing Officer reported that a correction officer had questioned these witnesses and obtained refusal forms indicating that they would not testify because they did not want to get involved.  At the conclusion of the hearing, petitioner was found guilty of assaulting an inmate, engaging in violent conduct and possessing a weapon.  The penalty was subsequently modified and the determination was upheld on administrative appeal with the modified penalty.  Petitioner commenced this CPLR article 78 proceeding challenging the determination on the basis that he was improperly denied the right to have the two inmate witnesses testify at the hearing. Following joinder of issue, Supreme Court dismissed the petition. Petitioner now appeals.

Petitioner's sole contention is that he was deprived of his constitutional and regulatory right to call witnesses insofar as the record is insufficient concerning the reasons for the inmates' refusals to testify and the Hearing Officer did not conduct an adequate inquiry with respect thereto.  We are not persuaded.  This Court has held that where a requested inmate witness has not previously agreed to testify and the reason for the inmate's refusal appears on the record, such as in a witness refusal form, there is no violation of the conditional right to call witnesses (see Matter of Cortorreal v Annucci, 123 AD3d 1337, 1338 [2014], lv granted 25 NY3d 961 [2015]; see also Matter of Hill v Selsky, 19 AD3d 64, 66-67 [2005]).  Indeed, in such circumstances, even where the reason that appears on the record is the inmate's desire not to be involved, this Court has declined to find a violation (see Matter of Tafari v Fischer, 78 AD3d 1405, 1406 [2010], lv denied 16 NY3d 704 [2011]; Matter of Boyd v Selsky, 232 AD2d 929, 929-930 [1996]).  Notwithstanding petitioner's suggestion to the contrary, our decisions are consistent with the Court of Appeals' holding in Matter of Barnes

v LeFevre (69 NY2d 649 [1986]).  Moreover, although a Hearing Officer bears a greater responsibility to conduct a further inquiry into the legitimacy of a refusal where the witness previously agreed to testify, but later changed his or her mind (see Matter of Abdur-Raheem v Prack, 98 AD3d 1152, 1153 [2012]), that is not the situation here.  Therefore, Supreme Court properly concluded that petitioner's right to call witnesses was not violated.

Peters, P.J., McCarthy, Garry and Clark, JJ., concur.


ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court