# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 28, 2016                519887
_____

In the Matter of SAMUEL
    CHANDLER,
                    Petitioner,

        v
                                    MEMORANDUM AND JUDGMENT
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  December 8, 2015

Before:  Garry, J.P., Rose, Lynch and Clark, JJ.

_____

        Prisoners' Legal Services of New York, Albany (Rosa Cohen Cruz of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        During the course of an investigation, correction officials received confidential information identifying petitioner as the leader of an unauthorized gang who ordered another inmate to assault a rival gang member and threatened to physically harm the inmate if he did not carry out the assault by a certain date.  As a result, petitioner was charged in a misbehavior report with conspiring to assault an inmate, engaging in violent conduct, making threats and engaging in gang activity.  He was found

guilty of the charges following a tier III disciplinary hearing, and the determination was later affirmed on administrative appeal with a modified penalty.  This CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report, the testimony of its author and the confidential information reviewed by the Hearing Officer in camera provide substantial evidence supporting the determination of guilt (see Matter of Baez v Bellnier, 131 AD3d 771 [2015]; Matter of Pompey v Prack, 128 AD3d 1251, 1252 [2015]).  Contrary to petitioner's claim, the Hearing Officer conducted an independent assessment of the reliability of the confidential information by personally interviewing the confidential source (see Matter of Perez v Fischer, 100 AD3d 1324, 1324 [2012]).  Additionally, so as to further weigh the credibility of the information, the Hearing Officer questioned the correction sergeant who spoke to the informant during the course of the investigation into the conspiracy (see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012]).

Turning to petitioner's procedural arguments, he asserts that the misbehavior report contains inaccuracies with respect to the time, date and location of the incident, thereby depriving him of adequate notice of the charges.  However, the Hearing Officer found the essential details provided by the confidential informant to be correct and, even if the misbehavior report contains some inaccuracies in this regard, we conclude that the report as a whole, which summarized the results of the investigation and set forth the specific rule violations, was sufficiently detailed to afford petitioner notice of the charges to enable him to prepare a defense (see Matter of Ponder v Fischer, 54 AD3d 1094, 1095 [2008]; compare Matter of Simmons v Fischer, 105 AD3d 1288, 1289 [2013]).  Moreover, we find no merit to petitioner's claim that he was improperly denied the right to call the inmate who was ordered to commit the assault as a witness, inasmuch as the inmate never agreed to testify and executed a refusal form stating, "I don't intend to testify" (see Matter of Broadie v Annucci, 131 AD3d 1324, 1324-1325 [2015]; Matter of Cortorreal v Annucci, 123 AD3d 1337, 1338 [2014], lv granted 25 NY3d 961 [2015]; Matter of Jamison v Fischer, 119 AD3d 1306 [2014]).  We have considered petitioner's remaining arguments, including his claim that there are gaps in the hearing

transcript that preclude meaningful review, and find them to be lacking in merit.

Garry, J.P., Rose, Lynch and Clark, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court