State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:   July 28, 2016                    521616
_____

In the Matter of DAVID
    PETERSON,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:   June 6, 2016

Before:   Lahtinen, J.P., Garry, Rose, Clark and Aarons, JJ.

_____

        David Peterson, Stormville, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        A correction officer heard the sounds of an altercation coming from a room where petitioner and two other inmates were conducting an inmate liaison committee meeting.  Upon entering the room, he found petitioner and another inmate (hereinafter the victim) involved in a verbal disagreement.  The officer then observed bruises and puncture wounds on the victim and discovered a weapon made out of sharpened plexiglass with a masking tape handle in a garbage can in the room.  Following an investigation, which included statements from the victim and the other inmate

who was present in the room at the time of the incident that implicated petitioner, he was charged in a misbehavior report with violating the prison disciplinary rules prohibiting assault, fighting and possession of a weapon. Following a tier III disciplinary hearing, petitioner was found guilty as charged and this determination was confirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Petitioner argues, among other things, that he was denied the right to call witnesses. "It is well settled that an inmate has a conditional right to call witnesses at a disciplinary hearing provided their testimony would not jeopardize institutional safety or correctional goals" (Matter of Morris-Hill v Fischer, 104 AD3d 978, 978 [2013] [citations omitted]; see Matter of Johnson v Prack, 122 AD3d 1323, 1323 [2014]). There is no violation of this right where a witness who has not previously agreed to testify refuses and the reason for the refusal appears in the record (see Matter of Chandler v Annucci, 135 AD3d 1258, 1259 [2016]; Matter of Broadie v Annucci, 131 AD3d 1324, 1324-1325 [2015]). "Further inquiry is nonetheless required, however, where the reason given by the witness for refusing to testify is 'clearly specious'" (Matter of Jackson v Prack, 126 AD3d 1243, 1244 [2015], quoting Matter of Beckford v Coughlin, 210 AD2d 775, 776 [1994], lv denied 85 NY2d 807 [1995]).

During the disciplinary hearing, petitioner requested the testimony of the other inmate who was present in the room at the time of the incident. The Hearing Officer contacted that inmate, who refused to testify and executed a refusal form stating, "I know nothing." This statement, however, is belied by evidence in the record. According to the unusual incident report, the potential inmate witness informed correction officers that petitioner "stabbed [the victim] with the weapon that was found in the garbage can." Notably, the Hearing Officer specifically referenced the witness's account of the incident in his statement of the evidence that he relied on in making the determination of guilt. Inasmuch as evidence in the record "casts doubt on the authenticity of the reason[] given" for the witness's refusal (Matter of Luna v Coughlin, 210 AD2d 757, 758 [1994]), and there is nothing in the record indicating that the Hearing Officer made any further inquiry, we find that petitioner's right to call

witnesses was violated (see Matter of Jackson v Prack, 126 AD3d at 1244; Matter of Silva v Scully, 138 AD2d 717, 720 [1988]). Insofar as the Hearing Officer articulated a good-faith reason for the denial of the witness, "this amounts to a regulatory violation requiring that the matter be remitted for a new hearing" (Matter of Morris-Hill v Fischer, 104 AD3d at 978; see Matter of Jackson v Prack, 126 AD3d at 1244). Petitioner's remaining arguments are rendered academic in light of the foregoing.

Lahtinen, J.P., Garry, Rose, Clark and Aarons, JJ., concur.

ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court