*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 22, 2016                522461
_____

In the Matter of JASON GANO,
                    Petitioner,

      v                                    MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                    Respondent.
_____

Calendar Date:  August 8, 2016

Before:  Peters, P.J., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Jason Gano, Moravia, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        Petitioner, a prison inmate, activated a walk-through metal
detector, prompting a frisk and search that led to the discovery
and seizure of two razor blades taped together and hidden in the
hem of petitioner's coat.  Thereafter, petitioner was charged in
a misbehavior report with possessing a weapon, possessing an
altered item and smuggling.  Following a tier III disciplinary
hearing, petitioner was found guilty of the three charges, and
the determination was later affirmed on administrative appeal.

This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, the photograph of the razors and testimony of petitioner and the involved correction staff provide substantial evidence to support the determination of guilt (see Matter of Smith v Prack, 98 AD3d 780, 781 [2012]; Matter of Hughes v Bezio, 84 AD3d 1598, 1598 [2011]). Petitioner's claims that he did not know that the razors were in the hem of his jacket and that another inmate planted those razors there created credibility issues for the Hearing Officer to resolve (see Matter of Glod v Fischer, 98 AD3d 1173, 1174 [2012]; Matter of Kearney v Fischer, 51 AD3d 1185, 1186 [2008]). We find no merit to petitioner's claim that the incident would not have happened if prison staff had better secured the razors and searched the facility upon discovering that they were missing (see Matter of Boddie v Selsky, 18 AD3d 996, 997 [2005]). Finally, contrary to petitioner's contention that he was improperly denied the right to call witnesses on his behalf, the record reflects that the requested witnesses had not previously agreed to testify and each signed a witness refusal form indicating plausible reasons for their refusal to testify (see Matter of Chandler v Annucci, 135 AD3d 1258, 1259 [2016]; Matter of Broadie v Annucci, 131 AD3d 1324, 1325 [2015]). Petitioner's remaining contentions have been examined and found to be lacking in merit.

Peters, P.J., Egan Jr., Lynch, Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court