Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent Commis *1367 sioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
During a search of petitioner’s cell, a correction officer found, among other things, pills that were identified as prescription medications, a fishing line that was made from an altered state-issued bed sheet and two headphone jacks. As a result, petitioner was charged in a misbehavior report with possessing unauthorized medications, possessing unauthorized items, possessing drug paraphernalia, smuggling, destroying state property and tampering with state property. Following a tier III disciplinary hearing, he was found guilty of the charges and the determination, dated February 23, 2015, was later affirmed on administrative appeal.
Petitioner was relocated to a different cell block after the issuance of the first misbehavior report and, when a correction officer noticed that his property exceeded the allowable limit, the officer directed him to bring his property into compliance. Petitioner refused and a physical altercation ensued during which petitioner allegedly struck the officer as well as a second officer who intervened. Both officers issued misbehavior reports charging petitioner with two counts of assaulting staff, two counts of engaging in violent conduct, two counts of creating a disturbance and one count of refusing a direct order. Following a second tier III disciplinary hearing covering both reports, he was found guilty of the charges and the determination, dated May 11, 2015, was also affirmed on administrative appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging both determinations.*
Petitioner raises a number of procedural challenges to the disciplinary determinations. Initially, he asserts that the tier III hearings were not completed in a timely manner in accordance with the requirements of 7 NYCRR 251-5.1 (b). Petitioner’s claim is belied by the record, which discloses that, although numerous extensions to continue the hearings were requested and granted in both cases, the hearings were completed within the time frames set forth in the extensions (see Matter of Giano v Prack, 138 AD3d 1285, 1286 [2016], lv denied 27 NY3d 912 [2016]; Matter of McFadden v Prack, 120 AD3d 853, 855 [2014], lv dismissed 24 NY3d 930 [2014], lv denied 24 NY3d 908 [2014]).
*1368 Petitioner also contends that he was deprived of his right to call witnesses at both hearings. At the first hearing, petitioner requested a number of witnesses, including an inmate who initially agreed to testify, but later refused. Petitioner was not improperly denied this inmate’s testimony as he executed a refusal form indicating that he did not want to be involved and the Hearing Officer personally interviewed the inmate to ascertain the legitimacy of his refusal (see Matter of Rodriguez v Annucci, 136 AD3d 1083, 1084 [2016]; Canalas Sanchez v Annucci, 126 AD3d 1194, 1195 [2015]). Petitioner’s other contentions with regard to the denial of witnesses at the first hearing are unavailing, as are his remaining procedural challenges to the first disciplinary determination. However, upon respondents’ concession that the charge of possessing drug paraphernalia must be dismissed, we annul that part of the first disciplinary determination finding petitioner guilty of this charge. Moreover, insofar as a loss of good time was imposed as part of the penalty, we remit the matter for a redetermination of the penalty on the remaining charges (see Matter of Merritt v Fischer, 108 AD3d 993, 994 [2013]).
Turning to the second disciplinary determination, petitioner also requested a number of witnesses at the hearing, including an inmate who was purportedly present in his cell near the area of the altercation around the time that it occurred. The Hearing Officer denied this witness as irrevelant and redundant to the testimony of other witnesses who testified. We find that this was error inasmuch as eyewitness accounts of the events that transpired were, in fact, relevant to petitioner’s guilt of the charges, and the inmate’s observations, which were unknown, may not necessarily have been redundant to the testimony of other witnesses (see Matter of Nance v Annucci, 147 AD3d 1180, 1181 [2017]; Matter of Allaway v Prack, 139 AD3d 1203, 1205 [2016]; Matter of Gross v Yelich, 101 AD3d 1298, 1298 [2012]). For this reason, the second disciplinary determination must be annulled.
As to the remedy, where a hearing officer has set forth a good faith basis for the denial of a requested witness, this amounts to a regulatory violation and, therefore, the disciplinary matter generally should be remitted for a new hearing (see Matter of Ellison v Annucci, 142 AD3d 1233, 1234 [2016]; Matter of Peterson v Annucci, 141 AD3d 1051, 1052 [2016]; Matter of Santiago v Fischer, 76 AD3d 1127, 1127 [2010]). Equity, however, “may also dictate expungement of the charges rather than a remittal” (Matter of Allah v LeFevre, 132 AD2d 293, 295 [1987]). Considering the fact that petitioner has already served *1369 the penalty of 270 days of confinement in the special housing unit and over two years have passed since the incident in question, the equitable remedy of annulment and expungement of the second disciplinary determination is warranted (see Matter of Balkum v Annucci, 148 AD3d 1322, 1323 [2017]; Matter of Cunningham v LeFevre, 130 AD2d 809, 810 [1987]). In light of our disposition, petitioner’s remaining claims with respect to the second disciplinary determination are academic.
McCarthy, J.P., Egan Jr., Rose, Clark and Aarons, JJ., concur.
Adjudged that the determination dated February 23, 2015 is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing drug paraphernalia and imposed a penalty; petition granted to that extent, respondent Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner’s institutional record, and matter remitted to said respondent for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed. Adjudged that the determination dated May 11, 2015 is annulled, without costs, petition granted and respondent Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner’s institutional record and to restore any loss of good time.

 Although respondents address the issue of substantial evidence in their brief, the verified petition raises only procedural claims and Supreme Court improperly transferred the proceeding to this Court. Nevertheless, we retain jurisdiction in the interest of judicial economy (see Matter of Johnson v Annucci, 141 AD3d 996, 997 n [2016], lv denied 28 NY3d 901 [2016]).