Matter of Adams v Annucci (2018 NY Slip Op 00695)





Matter of Adams v Annucci


2018 NY Slip Op 00695


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


142 TP 17-01432

[*1]IN THE MATTER OF JAMES ADAMS, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered August 7, 2017) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously annulled on the law without costs, the petition is granted in part and the matter is remitted to respondent for a new hearing.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III hearing, that he violated inmate rules 100.11 (7 NYCRR 270.2 [B] [1] [ii] [assault on staff]), 104.11 (7 NYCRR 270.2 [B] [5] [ii] [violent conduct]), 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusal to obey a direct order]), and 113.10 (7 NYCRR 270.2 [B] [14] [i] [possession of a weapon]). Contrary to petitioner's contention, the determination is supported by substantial evidence (see generally People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]). We agree with petitioner, however, that he was denied the right to call two inmate witnesses. "An inmate has a right to call witnesses at a disciplinary hearing so long as the testimony is not immaterial or redundant and poses no threat to institutional safety or correctional goals" (Matter of Lopez v Fischer, 100 AD3d 1069, 1070 [3d Dept 2012]; see Matter of Johnson v Prack, 122 AD3d 1323, 1323 [4th Dept 2014]). Respondent correctly concedes that the Hearing Officer violated petitioner's right to call witnesses as provided in the regulations (see 7 NYCRR 254.5; see generally Matter of Barnes v LeFevre, 69 NY2d 649, 650 [1986]). Inasmuch as a good faith reason for denying the witnesses appears in the record, only petitioner's regulatory right, not his constitutional right, to call those witnesses was violated, and thus the proper remedy is a new hearing (see Matter of Allaway v Prack, 139 AD3d 1203, 1205 [3d Dept 2016]; Johnson, 122 AD3d at 1324). We therefore annul the determination and remit the matter to respondent for a new hearing. Because we are remitting the matter for a new hearing rather than granting all of the relief sought in the petition, i.e., expungement of the charges, we are granting the petition only in part.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court