Matter of Bonds v Annucci (2021 NY Slip Op 02203)





Matter of Bonds v Annucci


2021 NY Slip Op 02203


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

530440
[*1]In the Matter of Gentl Bonds, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:March 18, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Gentl Bonds, Auburn, petitioner pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Clark, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent finding petitioner guilty of violating certain disciplinary rules.
Petitioner was charged in two misbehavior reports with violating certain prison disciplinary rules. According to the first misbehavior report, an offender rehabilitation coordinator (hereinafter ORC) requested that a correction officer report to a school room that she had secured after observing an inmate pushing buttons on a DVD player in the room, notwithstanding the fact that she had not issued any DVDs that day. Upon arriving at the school room, the correction officer directed that petitioner and the other inmate program associates who were present in the area return to their housing unit. According to the misbehavior report, petitioner unsuccessfully attempted to gain access to the school room to retrieve a folder belonging to him and, according to the correction officer, appeared "real nervous" and was "adamant" about retrieving the folder. The correction officer thereafter discovered a DVD containing pornographic images in the DVD player and, upon a search of the folder belonging to petitioner, discovered another DVD labeled with a sexual title. The evidence was then secured in an evidence locker. As a result, petitioner was charged in the first misbehavior report with possessing contraband and smuggling.
Thereafter, the ORC received confidential information, which prompted a search of petitioner's folder that had been secured in the evidence locker. A search of the folder uncovered a pen with a thin piece of sharpened metal tapered to a point melted into the head of the pen in place of the ink well. As a result, petitioner was charged in a second misbehavior report with possessing a weapon.
Separate disciplinary hearings were held on each misbehavior report, at the conclusions of which petitioner was found guilty of all charges. Following unsuccessful administrative appeals, petitioner commenced this CPLR article 78 proceeding challenging both determinations.
We confirm. The misbehavior reports, related documentation, confiscated evidence, testimony at the hearings and the inferences to be drawn therefrom provide substantial evidence to support the determinations of guilt (see Matter of Davey v Annucci, 153 AD3d 992, 993 [2017]; Matter of Gano v Venettozzi, 142 AD3d 1240, 1240 [2016]). Contrary to petitioner's contention, a reasonable inference of possession arises by virtue of his substantial control over the folder, notwithstanding that access may not have been exclusive (see Matter of Edwards v Goord, 298 AD2d 793, 794 [2002]; Matter of Spencer v Goord, 245 AD2d 827, 828 [1997], lv denied 91 NY2d 811 [1998]; Matter of Jay v Coombe, 233 AD2d 661, 661 [1996]). Petitioner admitted at the hearing that the folder, the book within the folder where the DVD was found, and the pen belonged to him[*2]. Although he left the folder unattended while he went into another room, testimony established that the folder was closed with a string. Furthermore, there is no indication as to the length of time that petitioner left the folder unattended. In any event, "it was his own responsibility to make sure that no unauthorized items were present" within his property (Matter of Ballard v Annucci, 170 AD3d 1298, 1300 [2019] [internal quotation marks and citation omitted]). Petitioner's denial that the contraband and weapon were his created a credibility issue for the Hearing Officer to resolve (see Matter of Gano v Venettozzi, 142 AD3d at 1241; Matter of Glod v Fischer, 98 AD3d 1173, 1174 [2012]; Matter of Edwards v Goord, 298 AD2d at 794; Matter of Mabery v Coughlin, 168 AD2d 879, 879 [1990], lv denied 77 NY2d 808 [1991]). Regarding petitioner's challenges to the smuggling charge, we note that petitioner admitted that he had brought the folder down to the school room on the day of the incident.
To the extent that petitioner alleges that the Hearing Officer failed to properly assess the reliability of the confidential information that led to the discovery of the weapon, the veracity of the confidential informant was irrelevant, as the determination of guilt was based upon the actual discovery of the weapon (see Matter of Williams v Venettozzi, 189 AD3d 1877, 1878 [2020]; Matter of Young v Rodriguez, 165 AD3d 1338, 1338-1339 [2018]; Matter of Ortiz v Annucci, 160 AD3d 1192, 1193 [2018]). Petitioner's remaining contention challenging the timeliness of the second hearing is unpreserved for our review.
Garry, P.J., Lynch, Aarons and Colangelo, JJ., concur.
ADJUDGED that the determinations are confirmed, without costs, and petition dismissed.