Matter of Lightner v Venettozzi (2021 NY Slip Op 05054)





Matter of Lightner v Venettozzi


2021 NY Slip Op 05054


Decided on September 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 23, 2021

532154
[*1]In the Matter of Abdul-Latif Lightner, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:September 3, 2021

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Abdul-Latif Lightner, Ossining, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Following an investigation into a fire that engulfed petitioner's cell while he was on a visit in the visiting room, petitioner was charged in a misbehavior report with arson, using flammable material, possessing explosive material and property damage. According to the misbehavior report, the investigation determined that petitioner set his cell on fire using a slow-burning wick. Following a tier III disciplinary hearing, petitioner was found guilty of all charges, with the exception of possessing explosive material. That determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
Contrary to petitioner's contention, the misbehavior report, supporting documentation, testimony at the hearing and confidential information provide substantial evidence to support the determination of guilt (see Matter of Duchnowski v Annucci, 169 AD3d 1137, 1138 [2019]; Matter of Britt v Fischer, 54 AD3d 1087, 1087 [2008]). Although petitioner was in the visiting room at the time the fire started, the investigation concluded that the fire started in petitioner's cell by using a slow-burning wick made from tightly rolled toilet paper which, according to testimony, could have been burning for an hour before the fire was noticed. Any inconsistencies in the testimony, as well as petitioner's denial that he started the fire, presented credibility issues for the Hearing Officer to resolve (see Matter of Bonds v Annucci, 193 AD3d 1204, 1205 [2021]; Matter of Randolph v Annucci, 190 AD3d 1196, 1197 [2021]; Matter of Dunbar v Annucci, 173 AD3d 1598, 1599 [2019]). Petitioner's contention that the Hearing Officer did not independently assess the reliability of the confidential information was not raised at the hearing or on administrative appeal and, therefore, is not preserved for our review (see Matter of Matthews v Annucci, 162 AD3d 1432, 1434 [2018]; Matter of Jones v Annucci, 156 AD3d 1093, 1094 [2017]).
Turning to the procedural challenges, petitioner contends that he was improperly denied witnesses and documentary evidence. The record reflects that, at the commencement of the hearing, the Hearing Officer reviewed the assistant form with petitioner, which listed potential witnesses and certain evidence that had been requested by petitioner. During the hearing, however, petitioner did not renew his request for certain witnesses and/or evidence or make any objection when asked by the Hearing Officer if he had anything further before the hearing was closed. Under such circumstances, petitioner's contention is not preserved (see Matter of Matthews v Annucci, 175 AD3d 1713, 1714 [2019]; Matter of Jackson v Annucci, 159 AD3d 1204, 1205-1206 [2018]; [*2]Matter of Davis v Annucci, 140 AD3d 1432, 1433 [2016], appeal dismissed 28 NY3d 1109 [2016]; Matter of Dancy v Goord, 58 AD3d 922, 923 [2009]). Petitioner's contention that he was not given a reason for the denial of his request to call an offender rehabilitation counselor as a witness is without merit. The Hearing Officer properly provided petitioner a written statement denying that witness, noting that the testimony sought could disclose the identity of the confidential informant (see e.g. Matter of Ross v Goord, 276 AD2d 952, 953 [2000]; Matter of Garcia v Fayette, 254 AD2d 555, 555 [1998]). We have reviewed petitioner's remaining contentions, including his claim that he did not receive a fair and impartial hearing, and, to the extent preserved, find them to be without merit.
Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.