In the Matter of KEITH McDERMOTT, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Superintendent of Green Haven Correctional Facility, dated January 23, 1987, made after a hearing, which found the petitioner guilty of misconduct and imposed punishment, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Patsalos, J.), entered June 12, 1987, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the petition is granted to the extent that the determination is annulled and the respondents are directed to expunge from the petitioner's institutional record all references to the Superintendent's hearing.

The petitioner is an inmate at the Green Haven Correctional Facility. During a routine frisk prior to being permitted to enter the institution's recreation yard, he allegedly verbally threatened a correction officer. As a result, the petitioner was charged with violating a prison regulation which prohibits threats under any circumstance (7 NYCRR 270.1 [b] [3]). A Superintendent's hearing was held, as a result of which the petitioner was found guilty and penalized, inter alia, by being placed in "keep lock" for 30 days. This determination must be annulled, as several procedural irregularities occurred which render it infirm.

The Hearing Officer declined to permit the petitioner's inmate's assistant *(see,* 7 NYCRR 251-4.1) to testify as to the results of his investigation undertaken on behalf of the petitioner. When a witness is denied permission to testify the Hearing Officer is required to explain his reasons for the denial in writing (7 NYCRR 253.5 [a]). No reason was ever offered by the Hearing Officer during the hearing, and no reason was ever offered at any time subsequent thereto *(see, Ponte v Real,* 471 US 491, 497). The burden is on prison officials to prove that there is a valid reason for precluding a witness from testifying *(Ponte v Real, supra,* at 498). A Hearing Officer does not possess unbridled discretion to exclude relevant testimony *(see, Matter of Fox v Dalsheim,* 112 AD2d 368).

The Hearing Officer further erred in ordering that the testimony of those inmates who he allowed to testify be heard in the petitioner's absence. Witnesses must testify in the inmate's presence "unless the hearing officer determines that so doing [will] jeopardize institutional safety or correctional goals" (7 NYCRR 253.5 [b]). There is no evidence in the record to suggest the existence of either of these circumstances. Accordingly, the petitioner was improperly excluded *(People ex rel. Selcov v Coughlin,* 98 AD2d 733, 735).

Finally, insofar as the petitioner has already fully served his administrative sentence, expungement of all reference to this matter is the appropriate remedy *(see, Matter of Santana v Coughlin,* 105 AD2d 789; *Matter of Hilton v Dalsheim,* 81 AD2d 887). We also note that while the record before this court is not so incomplete as to prevent meaningful review *(see, e.g., Matter of Dupree v Scully,* 100 AD2d 966), it would certainly have been preferable had the videotape which had been taken of this incident been included with the record on appeal in the first instance. This tape, which reportedly recorded the petitioner threatening two correction officers, is not before this court and was not before the Supreme Court in the underlying proceeding. It is thus troubling that the single most conclusive piece of evidence, upon which the Hearing Officer, by his own statement, had primarily relied, has never been before either court for judicial review. This matter is further exacerbated by the Hearing Officer's ruling which precluded the petitioner's inmate's assistant from testifying as to his recollection of the videotape. Certainly the hearing record should have contained a comprehensive account of the incident of which the petitioner stands charged, other than

the sole account offered by the Hearing Officer. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.