■ In the Matter of KENNETH SPULKA, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, Department of Correctional Services, et al., Respondents. [656 NYS2d 68] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

After a tier III hearing, petitioner, an inmate at Southport

Correctional Facility in Chemung County, was found guilty of throwing burning paper from his cell. In rendering the determination, the Hearing Officer relied upon the misbehavior report, along with a videotape which showed burning paper being tossed out of petitioner's cell. Because the videotape has been misplaced and respondents were unable to submit it for review in this CPLR article 78 proceeding, petitioner now contends that respondents' determination must be annulled and the violation expunged from his record.

We disagree. Although the missing videotape was the primary item of evidence offered at the hearing, its absence does not foreclose meaningful review of the issues raised in the petition (see, Matter of Harris v Selsky, 236 AD2d 723; Matter of McDermott v Scully, 145 AD2d 421, 422; Matter of Vogelsang v Coombe, 105 AD2d 913, 914, affd 66 NY2d 835). Petitioner's substantive challenges are based on the fact that it appears from the tape that the lighted paper was thrown at 11:42 P.M. (whereas the misbehavior report recounts that the incident occurred at 11:33 P.M.), that his cell number was not visible on the tape, and that it was not possible for paper hurled from his cell to land four cells away. However, given his admission, at the hearing, that the paper was indeed thrown from his cell, albeit at the later time, along with the remainder of the relevant and probative evidence—the reporting officer in his misbehavior report states that he observed petitioner "throwing burning paper out of his cell many times on the monitor" (see, People ex rel. Vega v Smith, 66 NY2d 130, 140)—we find these arguments meritless* (cf., Matter of Hernandez v Coughlin, 206 AD2d 578, 579, appeal dismissed, lv denied 84 NY2d 1024). Petitioner's remaining contentions are equally unpersuasive.

Cardona, P. J., Mikoll, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although petitioner argued, at the hearing, that the arm seen on the tape was not his, he has abandoned this contention by failing to raise it in the petition.