■ In the Matter of WALTER BOWEN, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of New York State Department of Correctional Services, Respondent. [659 NYS2d 600] —Determination unanimously annulled on the law without costs and petition granted in accordance with the following Memorandum: While an inmate at Rochester Correctional Facility (RCF), petitioner was charged with violating inmate rule 108.10 (7 NYCRR 270.2 [B] [9] [i]) by escaping from that facility. At his Tier III hearing, petitioner asked to call an RCF employee as a witness. Petitioner had a right to be present during the testimony of that witness unless the Hearing Officer determined that petitioner's presence would jeopardize institutional safety or correctional goals (*see,* 7 NYCRR 254.5 [b]; 254.6 [b]). The Hearing Officer, however, interviewed the witness in petitioner's absence without making any such determination. Further, nothing in the record suggests that petitioner's exclusion was warranted by either of those considerations (*see, Matter of McDermott v Scully*, 145 AD2d 421, 422; *cf., Matter of Laureano v Kuhlmann*, 75 NY2d 141, 147; *Matter of Cortez v Coughlin*, 67 NY2d 907, 909). Because petitioner was improperly excluded from the hearing during

the testimony of his witness, we annul the determination and direct respondent to expunge all references thereto from petitioner's file (*see, Matter of Garcia v LeFevre*, 64 NY2d 1001, 1003; *Matter of McDermott v Scully, supra*, at 422; *Matter of Boodro v Coughlin*, 142 AD2d 820, 823).

In view of our decision, we do not address petitioner's remaining contentions. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Green, J. P., Pine, Lawton, Boehm and Fallon, JJ.