In the Matter of ARAMIS FOURNIER, JR., Petitioner, v VICTOR HERBERT, as Superintendent of Collins Correctional Facility et al., Respondents. [685 NYS2d 140] —Determination unanimously annulled on the law without costs and petition granted in accordance with the following Memorandum: At the Tier III disciplinary hearing, petitioner was precluded from being present when his witness testified. The Hearing Officer determined that, because petitioner was "confined", he could not be present. The Hearing Officer's reason, standing alone, does not support the conclusion that petitioner's presence would have threatened "institutional safety or correctional goals" (7 NYCRR 254.5 [b]). "[N]othing in the record suggests that petitioner's exclusion was warranted by either of those considerations" (*Matter of Bowen v Coombe*, 239 AD2d 960). Further, the Hearing Record Sheet provides that "if any witness is denied or if a requested witness testifies outside the presence of the inmate charged * * * Form 2176 explaining the reason for that determination must be given to the inmate and included as part of the record." The only Form 2176 in the record concerns another witness and does not explain the reason for the Hearing Officer's decision to exclude petitioner when his witness testified. Thus, the hearing was conducted in viola-

tion of the Commissioner's rules and regulations (*see, Matter of Garcia v LeFevre*, 64 NY2d 1001, 1003). We therefore annul the determination, grant the petition and direct that all references thereto be expunged from petitioner's institutional record (*see, Matter of Garcia v LeFevre, supra*; *Matter of Bowen v Coombe, supra*).

In view of our decision, it is unnecessary to address petitioner's remaining contentions. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, O'Donnell, J.) Present—Green, J. P., Pine, Wisner, Callahan and Boehm, JJ.