■■ In the Matter of ANTHONY GODWIN, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, et al., Respondents. [706 NYS2d 288] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The misbehavior reports, augmented by the testimony of several staff members, constitute substantial evidence supporting the determination that petitioner violated various inmate rules (see, Matter of Foster v Coughlin, 76 NY2d 964, 966). The contentions of petitioner that the reports were filed in retaliation against him and that the Hearing Officer was biased are unsupported by the record. Petitioner's version of events presented a credibility issue for the Hearing Officer to resolve (see, Matter of Foster v Coughlin, supra, at 966). Petitioner failed to exhaust his administrative remedies with respect to several alleged due process violations (see, Matter of Nelson v Coughlin, 188 AD2d 1071, appeal dismissed 81 NY2d 834), but his contention that he was denied his right to be present during the testimony of two witnesses is properly before us. We conclude that the testimony was properly taken outside of petitioner's presence. The right to be present during

the testimony of a witness is a conditional right that may be denied if the Hearing Officer determines that the inmate's presence might jeopardize institutional safety or correctional goals (*see, Matter of Laureano v Kuhlmann*, 75 NY2d 141, 146-147; *see also,* 7 NYCRR 254.5 [b]; *Matter of Bowen v Coombe*, 239 AD2d 960). Where, as here, there is a basis in the record for the denial of that conditional right, the determination will not be disturbed (*see, Matter of Laureano v Kuhlmann, supra,* at 147; *cf., Matter of Bowen v Coombe, supra*). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Orleans County, Punch, J.) Present—Green, J. P., Pine, Scudder and Lawton, JJ.