■ In the Matter of MARK HENDERSON, Appellant, v NEW YORK CITY DEPARTMENT OF CORRECTION et al., Respondents. [711 NYS2d 180] —Order, Supreme Court, Bronx County (Denis Boyle, J.), entered March 23, 1999, dismissing the petition challenging respondents' determination, dated October 16, 1998, finding petitioner guilty of assaulting a correction officer and imposing a penalty of 90 days' punitive segregation, unanimously reversed, on the law, without costs, the petition granted, the determination annulled, the charges against petitioner dismissed, and respondent directed to expunge all references to such charges from petitioner's institutional rec-

ords and petitioner reinstated to the status he held prior to October 12, 1998.

The motion court's dismissal of the petition was improper because petitioner's due process rights were violated at the disciplinary hearing. Pursuant to respondents' own regulations, an inmate has the right to call witnesses at a disciplinary hearing unless the presiding officer determines that their testimony is immaterial, redundant or would jeopardize safety or institutional goals (9 NYCRR 7006.8 [d]; 39 RCNY 1-03 [a] [10] [iii]; 7 NYCRR 253.5 [a]; 254.5 [a]; *Matter of Barnes v LeFevre*, 69 NY2d 649; *People ex rel. Vega v Smith*, 66 NY2d 130; *Matter of Silva v Scully*, 138 AD2d 717). Here, the record shows that petitioner exercised his right to call witnesses at the hearing. The Hearing Officer was then required to explain his reasons for the denial of petitioner's request in writing (7 NYCRR 253.5 [a]; 254.5 [a]; *People ex rel. Vega v Smith, supra*; *Matter of McDermott v Scully*, 145 AD2d 421). There is no record of why the Hearing Officer denied petitioner's request, nor is there any indication of whether respondents made some effort to obtain the testimony of witnesses. Petitioner was thus denied his right to call witnesses as provided in respondents' regulations (*Matter of Barnes v LeFevre, supra*).

In light of the foregoing, we decline to reach the issue of the failure to tape or transcribe the disciplinary hearing. Concur— Williams, J. P., Mazzarelli, Lerner, Andrias and Friedman, JJ.