■ In the Matter of ALEX SHOGA, Petitioner, v ANTHONY ANNUCCI, Acting Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [17 NYS3d 816]—

Proceeding pursuant to CPLR article 78 (transferred to the

Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered Feb. 27, 2015) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ordered that the determination is unanimously annulled on the law without costs, the amended petition is granted in part and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, finding him guilty of violating various inmate rules. Although we conclude that the determination is supported by substantial evidence (*see Matter of Spears v Fischer*, 103 AD3d 1135, 1136 [2013]), respondent correctly concedes that the determination must be annulled and remitted for a new hearing. The disciplinary hearing was adjourned pending the availability of additional witnesses and, when the hearing was reconvened, the Hearing Officer stated on the record that petitioner had been verbally inappropriate and abusive during the adjournment and that she was therefore excluding him from the remainder of the proceeding. The record, however, does not establish what petitioner's conduct was during the adjournment, and thus we are unable to determine whether the Hearing Officer properly excluded petitioner from the remainder of the hearing. The statements made during the adjournment were not recorded, and the Hearing Officer merely stated in a conclusory manner on the record that petitioner was verbally inappropriate and abusive, without specifying what petitioner said to her. We therefore conclude that the determination must be annulled, and we remit the matter to respondent for a new hearing (*see generally Matter of Nova v Fischer*, 112 AD3d 1234, 1234 [2013], *lv denied* 22 NY3d 866 [2014]; *Matter of Barnes v Fischer*, 108 AD3d 990, 990-991 [2013], *lv denied* 22 NY3d 855 [2013]). Because we are remitting the matter for a new hearing rather than granting all of the relief sought in the amended petition, i.e., expungement of the charges, we are granting the amended petition only in part.

We have considered petitioner's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Carni, Lindley, Valentino and DeJoseph, JJ.