This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 142
In the Matter of George Texeira,
          Appellant,
        v.
Brian Fischer, &c.,
          Respondent.

Michael E. Cassidy, for appellant.
Martin A. Hotvet, for respondent.

RIVERA, J.:

Petitioner George Texeira successfully challenged a prison disciplinary hearing determination on procedural grounds, based on the hearing officer's failure to obtain a witness as requested by petitioner. The sole issue on appeal is whether the proper remedy in this case is expungement of the disciplinary disposition from petitioner's prison records, as he contends, or,

- 1 -

as held below, remittal for a new hearing.  We agree with the Appellate Division, albeit for different reasons, that remittal for a rehearing was an appropriate remedy based on the specific facts of this case.

Petitioner was charged in a misbehavior report for violating prison disciplinary rules while an inmate at Attica Correctional Facility.[1]  At the Tier III disciplinary hearing, petitioner pleaded not guilty to all charges and requested several witnesses be called, including another inmate, T.  However, T refused to testify, stating on his inmate witness refusal form that "I was never at Upstate[2] ever.  I came here from Attica!"  Petitioner asked the hearing officer to re-contact T because his response indicated that he was confused about the location of the incident, which had occurred at Attica.  The hearing officer agreed to have T re-interviewed.  However, when the hearing reconvened T did not testify and the hearing officer did not state whether T had been re-contacted, and, if so, what he had said regarding the request to testify.  The hearing officer, thereafter, found petitioner guilty of all charges, and respondent, the then Commissioner of the Department of

---

[1] Specifically 100.10 (assault on an inmate), 114.10 (smuggling), 102.10 (threats), 111.10 (impersonation), 121.12 (phone program violation), 121.14 (exchanging pins), and 180.11 (facility correspondence violation).

[2] "Upstate" refers to the Upstate Correctional Facility in Malone, New York.

Corrections and Community Supervision (DOCCS), administratively affirmed this disposition.

Petitioner commenced an CPLR Article 78 proceeding, claiming that his constitutional right to call witnesses was violated for failure to make reasonable efforts to contact the witness, and requesting that the determination be expunged from his prison records. Supreme Court granted petitioner's Article 78 petition, annulled the determination, and remitted the matter for a new hearing.[3] Petitioner appealed the denial of his request for expungement. The Appellate Division affirmed, concluding that annulment and remittal for a new hearing was the appropriate remedy. According to the court, because the hearing officer had made some effort to obtain the witness, and did not initially deny the witness outright without a stated good faith reason, respondent only violated petitioner's regulatory right, thus warranting a new hearing.

Petitioner appeals, claiming that expungement is the exclusive remedy for violation of an inmate's right to call a witness at a prison disciplinary hearing. For the reasons discussed below we need not reach that issue because under the facts of this case, a rehearing was appropriately ordered.

_____

[3] Petitioner never sought to stay a new hearing. Accordingly, during the pendency of his appeal a new hearing was held. At that hearing, T testified and petitioner was found guilty. Petitioner did not appeal the disposition of the re-hearing.

The United States Supreme Court in Wolff v McDonell, 418 US 539 (1974) held that inmates retain rights under the Federal Due Process Clause and are entitled to the minimum requirements for procedural due process, although those rights are subject to restrictions due to the nature of incarceration (id. at 556-58). Those minimal due process requirements include an inmate's right in a disciplinary proceeding to call witnesses in the inmate's defense, so long as "permitting [the inmate] to do so will not be unduly hazardous to institutional safety or correctional goals" (id. at 566). While noting its usefulness, the Supreme Court did not require that prison officials "state [their] reason for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases" (id.).

The right to call witnesses is codified in DOCCS regulations, which also provide additional protections above and beyond those minimum requirements for procedural due process recognized by the United States Supreme Court (see 7 NYCRR 254.5). For example, and as relevant to this appeal, section 254.5(a) states that an inmate may call a witness if the testimony is "material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals. If permission to call a witness is denied, the hearing officer shall give the inmate a written statement stating the reasons for the denial, including the specific threat to institutional safety or

correctional goals presented."

This requirement that DOCCS provide a written statement explaining the reasons for the denial, a demand not mandated by Wolff, makes it possible to satisfy Wolff and yet not comply with the regulations. It also allows for the possibility that the facts of a case will not easily reveal the nature of the alleged violation. We are faced with just such a situation in this case.

Under Wolff, refusal to provide a witness is not an automatic due process violation because DOCSS retains the right to deny any witnesses that would be "unduly hazardous to institutional safety or correctional goals" (Wolff, 418 US at 566). This Court has previously cured violations of inmates' rights through expungement (see Matter of Barnes v LeFevre, 69 NY2d 649, 650 [1986]). Here, the record is unclear as to whether respondent violated petitioner's constitutionally protected due process rights. However, the record is clear that respondent failed to comply with 7 NYCRR 254.5. In accordance with that provision, the hearing officer had an obligation to provide written notice of whether petitioner's request for a witness had been denied and why. No such written statement was provided.

We are mindful that in this case there is a possible convergence of the constitutional and regulatory commands, as well as the proper remedy, but under these circumstances, where respondent clearly violated the regulation, but where the court cannot determine if respondent violated the due process

requirements of <u>Wolff</u>, we are unpersuaded that any interplay
between section 254.5 and the federal constitution mandates
expungement.  Accordingly, the order of the Appellate Division,
insofar as appealed from, should be affirmed, without costs.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order, insofar as appealed from, affirmed, without costs.
Opinion by Judge Rivera.  Chief Judge Lippman and Judges Pigott,
Abdus-Salaam and Fahey concur.  Judge Stein took no part.

Decided October 27, 2015