██ In the Matter of BRYAN MEDINA, Respondent, v ANTHONY J. ANNUCCI, Acting Commissioner, New York State Department of Corrections and Community Supervision, Appellant. [40 NYS3d 812]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John L. Michalski, A.J.), entered July 7, 2015 in a proceeding pursuant to CPLR article 78. The judgment directed respondent to expunge from petitioner's institutional record all references to the incident underlying this special proceeding.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Contrary to respondent's contention, Supreme Court properly determined upon reargument that expungement of all references to the underlying incident from petitioner's institutional record, rather than remittal for a new hearing, was the appropriate remedy for the violation of petitioner's fundamental right to be present at his disciplinary hearing (*see Matter of Brooks v James*, 105 AD3d 1233, 1234 [2013]; *Matter of Rush v Goord*, 2 AD3d 1185, 1186 [2003]; *see also Matter of Bowen v Coombe*, 239 AD2d 960, 960-961 [1997]). This is not a case in which the record is unclear with respect to whether petitioner's right to be present was in fact violated (*cf. Matter of Texeira v Fischer*, 26 NY3d 230, 234-235 [2015]; *Matter of Shoga v Annucci*, 132 AD3d 1338, 1339 [2015]). Present— Whalen, P.J., Smith, DeJoseph, NeMoyer and Troutman, JJ.