# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1076**
**CA 15-01813**
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF BRYAN MEDINA,
PETITIONER-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, ACTING COMMISSIONER,
NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION,
RESPONDENT-APPELLANT.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF
COUNSEL), FOR RESPONDENT-APPELLANT.

KAREN MURTAGH, EXECUTIVE DIRECTOR, PRISONERS' LEGAL SERVICES OF NEW
YORK, BUFFALO (DAVID W. BENTIVEGNA OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (John L. Michalski, A.J.), entered July 7, 2015 in a
proceeding pursuant to CPLR article 78. The judgment directed
respondent to expunge from petitioner's institutional record all
references to the incident underlying this special proceeding.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Contrary to respondent's contention, Supreme Court
properly determined upon reargument that expungement of all references
to the underlying incident from petitioner's institutional record,
rather than remittal for a new hearing, was the appropriate remedy for
the violation of petitioner's fundamental right to be present at his
disciplinary hearing (*see Matter of Brooks v James*, 105 AD3d 1233,
1234; *Matter of Rush v Goord*, 2 AD3d 1185, 1186; *see also Matter of
Bowen v Coombe*, 239 AD2d 960, 960-961). This is not a case in which
the record is unclear with respect to whether petitioner's right to be
present was in fact violated (*cf. Matter of Texeira v Fischer*, 26 NY3d
230, 234-235; *Matter of Shoga v Annucci*, 132 AD3d 1338, 1339).

Entered:  November 18, 2016                        Frances E. Cafarell
                                                   Clerk of the Court