## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 15, 2016                    522563
_____

In the Matter of ERIC DOLEMAN,
                    Respondent,

      v

ALBERT PRACK, as Director of              MEMORANDUM AND ORDER
    Special Housing and Inmate
    Disciplinary Programs,
                    Appellant.
_____

Calendar Date:  October 25, 2016

Before:  Garry, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for appellant.

        Eric Doleman, Malone, respondent pro se.

_____

        Appeal from a judgment of the Supreme Court (McNally, J.),
entered May 12, 2015 in Albany County, which granted petitioner's
application, in a proceeding pursuant to CPLR article 78, to
annul a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with assault
on an inmate and violent conduct following an incident in which a
heated mixture of oil and water was thrown onto the face and
upper body of a sleeping inmate.  At the tier III disciplinary
hearing, several correction officers testified and confidential
testimony and documents were admitted into evidence, all of which
established that two inmates had committed the attack at
petitioner's direction.  Petitioner was found guilty of the

charges and the determination was upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding claiming, among other things, that the Hearing Officer never advised him of the reason why his requested inmate witnesses had refused to testify and had not made a sufficient inquiry as to their reasons for refusing. Following joinder of issue, Supreme Court granted the petition on the basis that petitioner's right to call witnesses had been violated, annulled the determination and ordered that petitioner's institutional record be expunged. Respondent appeals.

We affirm. At a disciplinary hearing, an inmate has a conditional right to call witnesses so long as their testimony is material and not redundant and does not jeopardize institutional safety or correctional goals (see Matter of Cortorreal v Annucci, 28 NY3d 54, 58 [2016]; Matter of Peterson v Annucci, 141 AD3d 1051, 1051 [2016]). Here, petitioner requested through his assistant that four witnesses testify on his behalf – the two alleged attackers, the victim and a fourth inmate – and the assistant form indicates that, prior to the hearing, none had agreed to testify. Contrary to respondent's claims, petitioner specifically confirmed at the hearing his request to call these witnesses and explained that he sought their testimony to establish that he had no problem with the victim. While the Hearing Officer indicated on the record that he would see if the inmates would testify on petitioner's behalf, the Hearing Officer later stated, without explanation, that "each one ha[d] refused to testify."[1]

With respect to the two alleged attackers, the record reveals that each completed witness refusal forms indicating that

_____

[1] While petitioner did not reply to the Hearing Officer's comment, we cannot conclude that petitioner affirmatively waived the right to call these witnesses given his specific request that they be called and the Hearing Officer's assurance that he would see if the inmates would testify on petitioner's behalf. The Hearing Officer did not disclose what, if any, efforts had been made to ascertain these inmates' willingness to testify or any reasons provided for their refusal.

they had "[n]o relevant testimony," although the record does not reflect that petitioner or his assistant were provided with these forms. Given that these witnesses had not previously agreed to testify and the reason for their refusal appears on the record, petitioner's right to call them as witnesses was not violated (see Matter of Gano v Venettozzi, 142 AD3d 1240, 1241 [2016]; Matter of Chandler v Annucci, 135 AD3d 1258, 1259 [2016]).

With regard to the other two requested witnesses, the record does not reveal that the Hearing Officer made any inquiry of them or that they completed witness refusal forms. In addition, no reason for their refusal appears in the record and there was no testimony from anyone who might have questioned these witnesses regarding their refusal to testify. Accordingly, as the record fails to reflect any reason for the witnesses' refusals to testify or any inquiry into their reasons for refusing, we uphold Supreme Court's determination that petitioner was denied his right to call these witnesses (see Matter of Barnes v LeFevre, 69 NY2d 649, 650 [1986]; Matter of Sorrentino v Fischer, 106 AD3d 1309, 1310 [2013], appeal dismissed 22 NY3d 1060 [2014]; Matter of Samuels v Fischer, 98 AD3d 776, 777 [2012]; Matter of Moye v Fischer, 93 AD3d 1006, 1007 [2012]). Since the record does not reflect that the Hearing Officer made any effort to secure the testimony of these witnesses or to ascertain if they refused to testify, this situation is comparable to the outright denial of a witness and resulted in the denial of petitioner's constitutional right to call witnesses, making expungement rather than remittal for a new hearing the appropriate remedy (see Matter of Texeira v Fischer, 26 NY3d 230, 234 [2015]; cf. Matter of Payton v Annucci, 139 AD3d 1223, 1223-1224 [2016]; Matter of Figueoroa v Prack, 131 AD3d 1311, 1311-1312 [2015]; Matter of Johnson v Prack, 122 AD3d 1323, 1324 [2014]).

Garry, J.P., Egan Jr., Rose, Devine and Clark, JJ., concur.

-4-                           522563

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court