■ In the Matter of PHILLIP BLADES, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [60 NYS3d 724]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

During the course of an investigation, correction officials received confidential information indicating that petitioner was involved in a scheme to bring heroin, suboxone and K-2 into the correctional facility through a visitor and that other inmates were also involved. This information led to the discovery of a large amount of heroin and suboxone in the locker of one of those inmates (hereinafter inmate X). As a result, petitioner was charged in a misbehavior report with smuggling, conspiring to introduce drugs into the correctional

---

facility and selling an intoxicant. He was found guilty of the charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, the misbehavior report and testimony of its author, together with the confidential testimony and documentation considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (*see Matter of Austin v Annucci*, 145 AD3d 1263, 1263-1264 [2016]; *Matter of Zimmerman v Annucci*, 139 AD3d 1205, 1205-1206 [2016]). Contrary to petitioner's contention, the record reflects that the Hearing Officer properly assessed the credibility and reliability of the confidential information (*see Matter of Harris v Annucci*, 145 AD3d 1293, 1293 [2016]; *Matter of Davis v Annucci*, 137 AD3d 1437, 1438 [2016]).

Nevertheless, we agree with petitioner that his conditional right to call inmate X as a witness was violated. Initially, to the extent that inmate X knew who had provided him with the heroin and suboxone found in his locker, his testimony was relevant to the charges contained in the misbehavior report. As to the efforts to obtain inmate X's testimony, petitioner advised his assistant of his desire to call inmate X as a witness and the assistant form indicates that, prior to the hearing, inmate X agreed to testify. At the start of the hearing, petitioner indicated three times that he wanted to call inmate X as a witness, and also informed the Hearing Officer that he wished to call six inmates who were housed in his dorm. The Hearing Officer adjourned the hearing to interview the inmates requested and, when the hearing resumed, she informed petitioner that the six inmates housed in his dorm had refused to testify, briefly mentioning the various reasons given and that they had signed refusal forms. The Hearing Officer, however, did not mention whether she had also spoken to inmate X and, if so, what he had said regarding his prior agreement to testify. No other reference was made to inmate X at the hearing and the hearing thereafter concluded without inmate X's testimony.

Despite the fact that the hearing transcript is devoid of any indication of the Hearing Officer's efforts to obtain inmate X's testimony, the record contains a refusal form completed by the Hearing Officer indicating that she personally interviewed inmate X during the pendency of the hearing and that he refused to testify because he did not "want to be involved." This record evidence establishes the Hearing Officer's personal efforts to secure inmate X's testimony and ascertain a sufficient reason for his refusal (*see Matter of Hill v Selsky*, 19

AD3d 64, 66 [2005]; *cf. Matter of Cortorreal v Annucci*, 28 NY3d 54, 59-60 [2016]). It is equally apparent that the Hearing Officer effectively made a determination to deny petitioner's request to call this witness for this reason. However, we find that her failure to provide any written notice to petitioner concerning her effective denial of his request amounts to a regulatory violation requiring the matter to be remitted for a new hearing (*see* 7 NYCRR 254.5 [a]; *Matter of Texeira v Fischer*, 26 NY3d 230, 234-235 [2015]; *see generally Matter of Alvarez v Goord*, 30 AD3d 118, 119-121 [2006]; *Matter of Hill v Selsky*, 19 AD3d at 66-67; *compare Matter of Reyes v Keyser*, 150 AD3d 1502, 1504 [2017]; *Matter of Doleman v Prack*, 145 AD3d 1289, 1290-1291 [2016]).

In light of our determination, we decline to address petitioner's remaining claims.

McCarthy, J.P., Rose, Devine, Aarons and Rumsey, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.