Matter of Ballard v Annucci (2018 NY Slip Op 04625)





Matter of Ballard v Annucci


2018 NY Slip Op 04625


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018


[*1]In the Matter of DARNELL BALLARD, Petitioner, 
v
ANTHONY J. ANNUCCI, Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: May 8, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Rumsey, JJ.


Darnell Ballard, Attica, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
During a frisk search of petitioner's shared cube, a correction officer found a jar of urine, a container of bleach, 12 unidentified pills not in a container, five latex gloves and a box of service gloves. Petitioner was thereafter charged in a misbehavior report with possessing an altered item, smuggling, possessing contraband, possessing unauthorized medication, an unhygienic act, unauthorized exchange, possessing property in an unauthorized area and stealing or misusing state property. Following a tier III disciplinary hearing, he was found guilty of the charges and a penalty was imposed. The determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.
Initially, the misbehavior report and testimony of petitioner admitting that the items were found in his cube provided substantial evidence to support the determination (see Matter of [*2]Washington v Annucci, 160 AD3d 1313, 1313 [2018]; Matter of LaGrave v Venettozzi, 157 AD3d 1184, 1185 [2018]). Petitioner did not request that the officer who searched his cell and authored the report be called as a witness, and the Hearing Officer was under no obligation to secure his testimony (see Matter of Williams v Kirkpatrick, 153 AD3d 996, 996 [2017]). Petitioner's various explanations for the presence of the items in his cube at most created a credibility issue for the Hearing Officer to resolve (see Matter of Rivera v Annucci, 160 AD3d 1273, 1273 [2018]).
Petitioner further argues that he was deprived of the opportunity to call a witness because the Hearing Officer made no inquiry into the reasons that his requested inmate witness reportedly refused to testify. "An inmate charged with violating a prison regulation is entitled to due process protections which include a right to call witnesses and present documentary evidence in his [or her] defense when permitting him [or her] to do so will not be unduly hazardous to institutional safety or correctional goals" (Matter of Henry v Fischer, 28 NY3d 1135, 1138 [2016] [internal quotation marks and citation omitted]; see Texeira v Fischer, 26 NY3d 230, 233-234 [2015]). "An inmate may request a witness by either: (1) informing his [or her] assistant [or] the hearing officer before the hearing; or (2) informing the hearing officer during the hearing" (7 NYCRR 254.5 [c] [1], [2]). The record reflects that, prior to the hearing, petitioner asked his employee assistant to interview a named inmate as a potential witness (see 7 NYCRR 251-4.2), and a check mark on the assistant form indicated that the witness did not agree to testify but no reason was specified. The record does not contain a signed witness refusal form or any explanation for the inmate's refusal to testify (see Matter of Barnes v LeFevre, 69 NY2d 649, 650 [1986]; cf. Matter of Cortorreal v Annucci, 28 NY3d 54, 57, 60 [2016]; Matter of Weston v Annucci, 153 AD3d 1537, 1537 [2017]). At the start of the hearing, the Hearing Officer advised petitioner that the inmate "did not agree to testify," to which petitioner replied "okay." No witness was called to testify that an inquiry was made of the requested inmate to establish his refusal to testify and reasons therefor (cf. Matter of Pagan v Venettozzi, 151 AD3d 1508, 1509 [2017], lv denied 30 NY3d 903 [2017]; Matter of Hutchinson v Annucci, 149 AD3d 1443, 1444 [2017]), and the record does not establish the Hearing Officer's personal efforts, if any, to secure this inmate's testimony or ascertain a plausible explanation for the inmate's refusal (see Matter of Doleman v Prack, 145 AD3d 1289, 1290 [2016]; cf. Matter of Blades v Annucci, 153 AD3d 1502, 1503 [2017]; Matter of Allah v Venettozzi, 147 AD3d 1133, 1133 [2017]). The hearing record form lists the inmate as petitioner's requested witness and, next to his name, notes only that he "refused."
While petitioner did not, at the hearing, request that the inmate be called to testify or demand that there be a further inquiry into his refusal (see Matter of Ayuso v Venettozzi, 159 AD3d 1208, 1209 [2018]; Matter of Harris v Annucci, 148 AD3d 1385, 1385-1386 [2017]), the record does not reflect that petitioner was ever advised of his constitutional or regulatory right to call witnesses at the hearing (see Matter of Tolden v Coughlin, 90 AD2d 929, 930 [1982], citing Wolff v McDonnell, 418 US 539, 566 [1974]; see also 7 NYCRR 253.5). The constitutional right to call witnesses at a prison disciplinary proceeding "is not waivable in the absence of [an inmate] being informed of its existence" (Matter of Santana v Coughlin, 90 AD2d 947, 948 [1982]). As such, the determination must be annulled. Given that petitioner's due process rights were violated and that this situation is comparable to the outright denial of the constitutional right to call witnesses, expungement is the proper remedy (see Matter of Doleman v Prack, 145 [*3]AD3d at 1290-1291; cf. Matter of Texeira v Fischer, 26 NY3d at 234-235).
McCarthy, J.P., Devine, Clark, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.