Matter of Latson v Annucci (2019 NY Slip Op 02761)





Matter of Latson v Annucci


2019 NY Slip Op 02761


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

526850

[*1]In the Matter of BRANDON LATSON, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 15, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Brandon Latson, Attica, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Following an investigation conducted by the Department of Corrections and Community Supervision's Office of Special Investigations, Narcotics Unit, petitioner was charged in a misbehavior report with conspiring to possess drugs, smuggling, violating facility visiting procedures, violating telephone program procedures and engaging in third-party telephone calls. At the ensuing tier III disciplinary hearing, petitioner pleaded guilty to engaging in third-party telephone calls and violating telephone program procedures and was found guilty of the remaining charges at the conclusion of the hearing. That determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. Contrary to petitioner's contention, the misbehavior report, testimony from the narcotics investigators, recorded telephone calls, positive drug test results on the substances confiscated from petitioner's visitor and confidential documentation provide substantial evidence to support the determination of guilt (see Matter of Bachiller v Annucci, 166 AD3d 1186, 1186 [2018]; Matter of Blades v Annucci, 153 AD3d 1502, 1503 [2017]). The confidential information was sufficiently detailed and corroborated for the Hearing Officer to independently assess its reliability (see Matter of Tomlin v Annucci, 160 AD3d 1183, 1184 [2018]; Matter of Blades v Annucci, 153 AD3d at 1503). Despite the fact that no visit took place and petitioner was never in possession of the drugs, "'[i]nmates involved in attempts or conspiracies to violate institutional rules of conduct . . . will be punishable to the same degree as violators of such rules'" (Matter of Tomlin v Annucci, 160 AD3d at 1184, quoting 7 NYCRR 207.3 [b]; see Matter of Devaughn v Annucci, 157 AD3d 1182, 1183 [2018]). To the extent that petitioner's visitor testified that petitioner did not request that she smuggle drugs into the [*2]correctional facility, this created a credibility issue for the Hearing Officer to resolve (see Matter of Bachiller v Annucci, 166 AD3d at 1187; Matter of Holmes v Annucci, 153 AD3d 1004, 1005 [2017]).
Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.