Matter of Diaz v Annucci (2023 NY Slip Op 06187)

Matter of Diaz v Annucci

2023 NY Slip Op 06187

Decided on November 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 30, 2023

CV-23-0538
[*1]In the Matter of Pedro Diaz, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:November 9, 2023

Before:Garry, P.J., Clark, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Pedro Diaz, Comstock, petitioner pro se.
Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Following an investigation into an altercation in which petitioner, an incarcerated individual, was allegedly involved, he was charged in the first misbehavior report with assaulting another incarcerated individual, engaging in violent conduct, fighting, creating a disturbance and possessing a weapon. As part of that investigation, petitioner's cell was searched and various items were uncovered which resulted in petitioner being charged, in a second misbehavior report, with possessing contraband and possessing an altered item. Following a combined tier III disciplinary hearing on both misbehavior reports, petitioner was found guilty of all charges. The determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.
Initially, respondent concedes and we agree that, in relation to the second misbehavior report, the Hearing Officer improperly denied petitioner's request to call as a witness one of the correction officers who was present during the search of petitioner's cell and endorsed the second misbehavior report (see 7 NYCRR 254.5). Given the passage of time, respondent does not seek a rehearing and requests that the determination in relation to the second misbehavior report be annulled.
We similarly find that the determination in relation to the first misbehavior report must also be annulled on the ground that petitioner was improperly denied his right to call a witness. The record reflects that petitioner, who denied the assault and claimed he was being set up, requested to call as a witness the alleged victim of the assault. Although there was a discussion at the hearing that the alleged victim would have to agree to testify, there is no indication that the alleged victim refused to testify or that the Hearing Officer made any effort to procure him as a witness. "[W]here the record does not reflect any reason for the witness' refusal to testify, or that any inquiry was made of him [or her] as to why he [or she] refused or that the [H]earing [O]fficer communicated with the witness to verify his [or her] refusal to testify, there has been a denial of the [incarcerated individual's] right to call witnesses as provided in the regulations" (Matter of Barnes v LeFevre, 69 NY2d 649, 650 [1986]; see 7 NYCRR 254.5). As we view the unexplained outright denial of a witness commensurate to the denial of petitioner's constitutional right to call witnesses, expungement rather than remittal for a new hearing is the appropriate remedy (see Matter of Texeira v Fischer, 26 NY3d 230, 234 [2016]; Matter of Doleman v Prack, 145 AD3d 1289, 1290-1291 [3d Dept 2016]). In view of the foregoing, petitioner's remaining contentions are academic.
Garry, P.J., Clark, Reynolds Fitzgerald[*2], Ceresia and Powers, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to these matters from petitioner's institutional record.