In the Matter of MOSHE CINQUE CANTY, Also Known as MOSHE CINQUE OWUSU SANKOFA OLUGBALA, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [939 NYS2d 142]—

We affirm. Initially, we find no merit to petitioner's claim that he was improperly removed from the hearing inasmuch as he became disruptive and continued to raise issues previously addressed by the Hearing Officer despite the Hearing Officer's numerous warnings that he would be removed from the hearing if he continued to engage in such conduct (*see Matter of Bunting v Fischer*, 85 AD3d 1473, 1474 [2011], *lv denied* 17 NY3d 712 [2011]; *Matter of Jackson v Fischer*, 59 AD3d 820, 820-821 [2009]). Significantly, petitioner was not removed from the hearing until after all of the evidence had been presented. Likewise, we find no error in the Hearing Officer's denial of an inmate witness who was not present on the gallery at the time petitioner's cell was searched. This individual did not have personal knowledge of the incident and his testimony was, therefore, irrelevant to petitioner's defense that the document containing gang-related references was planted in his cell (*see Matter of McLean v Fischer*, 63 AD3d 1468, 1469 [2009]; *Matter of Kalwasinski v Goord*, 31 AD3d 1081, 1082 [2006]). Additionally, another inmate witness had already testified regarding which staff members were present in petitioner's cell for the search, rendering the further testimony redundant (*see Matter of Scott v Fischer*, 57 AD3d 1035, 1036 [2008], *lv denied* 12 NY3d 705 [2009]). Accordingly, Supreme Court properly dismissed the petition.

Peters, J.P., Spain, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.