■ In the Matter of HARRY RUPNARINE, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [986 NYS2d 716]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with reporting false information after he alleged that he was sexually assaulted by correction officers. Following a tier III disciplinary hearing, petitioner was found guilty of the charge. He commenced this CPLR article 78 proceeding after the determination of guilt was affirmed upon administrative appeal.

Petitioner argues that his exclusion from the second day of the hearing requires annulment and expungement. "[A]n inmate has a fundamental right to be present during a prison disciplinary hearing unless he or she is excluded for reasons of institutional safety or correctional goals" (*Matter of German v Fischer*, 108 AD3d 998, 999 [2013] [internal quotation marks and citation omitted]). It is well established, however, that a petitioner may properly be removed from the remainder of a hearing where, upon receiving adequate warning, he or she continues to be unduly disruptive (*see Matter of Canty v Fischer*, 92 AD3d 1055, 1056 [2012], *lv denied*, 19 NY3d 802 [2012]; *Matter of Jackson v Fischer*, 59 AD3d 820, 820-821 [2009]; *Matter of Applewhite v Goord*, 49 AD3d 1046, 1047 [2008]). In this instance, petitioner continually interrupted and spoke over the Hearing Officer. The Hearing Officer warned petitioner that he was becoming disruptive and stated that if petitioner continued to disrupt the hearing, he would be removed, before noting for the record that he was having petitioner removed from the hearing after he continued to repeat objections. Accordingly, petitioner's claim that he was improperly removed from the remainder of his hearing is without merit.

However, we agree with petitioner's contention that he was denied adequate employee assistance. Specifically, the record reflects that petitioner's assistance form requested the "injury report," but the record does not reveal that petitioner was either provided with the report or informed that it did not exist. While the Hearing Officer noted petitioner's request at the hearing and advised petitioner that he would check into this, no further mention of this issue was made. Under these circumstances, we cannot say on this record that such omission did not

prejudice petitioner's defense, and the determination must be annulled (see *Matter of Canty v Fischer*, 107 AD3d 1194, 1195 [2013]; *Matter of Bellamy v Fischer*, 87 AD3d 1217, 1218 [2011]). Because substantial evidence otherwise exists to support the determination of guilt, the matter is remitted for a new hearing (see *Matter of Caldwell v Rock*, 93 AD3d 1048, 1048 [2012]). In light of our disposition, petitioner's remaining contentions need not be addressed.

Peters, P.J., Stein, Garry and Clark, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and matter remitted to the Commissioner of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision.