*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 30, 2015          519485
_____

In the Matter of MICHEL
    TOLIVER,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

NEW YORK STATE DEPARTMENT OF
    CORRECTIONS AND COMMUNITY
    SUPERVISION et al.,
                    Respondents.
_____

Calendar Date:  February 24, 2015

Before:  Garry, J.P., Egan Jr., Devine and Clark, JJ.

                    _____


        Michel Toliver, Wallkill, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondents.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Ulster County) to
review a determination of respondent Superintendent of Shawangunk
Correctional Facility which found petitioner guilty of violating
certain prison disciplinary rules.

        Petitioner, an inmate, was involved in an incident in which
he began yelling obscenities from his cell that continued after
he was ordered to stop.  He was charged in a misbehavior report
with creating a disturbance, refusing a direct order and
interfering with an employee.  Following a tier II disciplinary
hearing, petitioner was found guilty of creating a disturbance
and refusing a direct order, but not guilty of interfering with
an employee.  The determination was affirmed on administrative

appeal and this CPLR article 78 proceeding ensued.[1]

We confirm.  Initially, contrary to petitioner's contention, the record reflects that he was served a copy of the misbehavior report at least 24 hours prior to the commencement of the hearing (see 7 NYCRR 254.6 [a] [1]).  We further reject petitioner's claim that he was improperly removed from the hearing.  Petitioner became extremely agitated during the hearing and requested to be taken to the mental health unit.  The Hearing Officer adjourned the hearing to afford an opportunity for a facility mental health social worker to evaluate petitioner. Following the evaluation, the social worker testified that she found no mental health issues that would prevent petitioner from properly participating in the hearing.  After the hearing resumed, petitioner again became agitated and uncooperative, despite the Hearing Officer's warning that he would be expelled from the hearing if his conduct persisted (see Matter of Alsaifullah v Fischer, 118 AD3d 1239, 1240 [2014], lv denied 24 NY3d 906 [2014]).  Under these circumstances, we cannot say that the Hearing Officer abused his discretion in removing petitioner from the hearing (see Matter of Huggins v Noeth, 106 AD3d 1351, 1352 [2013]; Matter of Blocker v Hetrick, 100 AD3d 1302, 1303 [2012]).  We have considered petitioner's remaining claims and find them to be lacking in merit.

Garry, J.P., Egan Jr., Devine and Clark, JJ., concur.

_____

[1]  Although the proceeding should not have been transferred inasmuch as the petition does not raise a question of substantial evidence, we nevertheless will retain jurisdiction in the interest of judicial economy (see Matter of Selah v LaValley, 117 AD3d 1261, 1261 n [2014]).

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court