*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016                    521589
_____

In the Matter of ENRIQUE
    RIVERA,
                        Petitioner,

        v                                       MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                        Respondent.
_____

Calendar Date:  February 23, 2016

Before:  McCarthy, J.P., Garry, Lynch and Devine, JJ.

_____

        Enrique Rivera, Stormville, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.

        Correction officials obtained a sample of petitioner's urine and it twice tested positive for the presence of K2, also known as synthetic marihuana.  As a result, petitioner was charged in a misbehavior report with violating disciplinary rule 113.3, which prohibits inmates from using alcohol or other intoxicants (see 7 NYCRR 270.2 [B] [14] [iii]).  He was found guilty of this charge following a tier III disciplinary hearing

and the determination was later affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.[1]

Petitioner's sole contention is that the misbehavior report did not afford him adequate notice of the charge in accordance with the requirements of 7 NYCRR 251-3.1 (c).  We note that "[a] misbehavior report is sufficient if it contains the date, time and place of the offense[], identifies the disciplinary rule[] alleged to have been violated and specifies the factual basis for the charge[] with enough particularity to enable the inmate to prepare a defense" (Matter of Quintana v Selsky, 268 AD2d 624, 625 [2000]; see Matter of Jones v Fischer, 111 AD3d 1362, 1363 [2013]; Matter of Quezada v Fischer, 85 AD3d 1462, 1462 [2011]). Here, the misbehavior report set forth the dates that the urine specimen was taken and tested and the names of the correction officers involved, and indicated that the test results were positive for the presence of K2, which was a violation of disciplinary rule 113.3, the rule that has been held applicable to this type of misconduct (see Matter of Roman v Prack, 133 AD3d 959, 960 [2015]; Matter of Ralands v Prack, 131 AD3d 1334, 1335 [2015]).  Accordingly, notwithstanding petitioner's claim to the contrary, we find that the misbehavior report gave petitioner adequate notice of the charge to enable him to prepare a defense.

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.

---

[1]  Although the proceeding was improperly transferred to this Court as the verified petition did not raise the issue of substantial evidence, we nevertheless retain jurisdiction in the interest of judicial economy (see Matter of Toliver v New York State Dept. of Corr. & Community Supervision, 127 AD3d 1536, 1537 n 1 [2015]).

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court