FOURTH DEPARTMENT, FEBRUARY, 2017

(February 3, 2017)

■ In the Matter of NATHAN BROWN, Petitioner, v ALBERT PRACK, Director of Special Housing, et al., Respondents. [46 NYS3d 334]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oneida County [Norman I. Siegel, J.], entered July 2, 2015) to review a determination of respondents. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding seeking to annul a determination finding him guilty, following a

tier III hearing, of violating various inmate rules, and imposing a penalty. At the outset, we note that, " '[b]ecause the petition did not raise a substantial evidence issue, Supreme Court erred in transferring the proceeding to this Court' " (*Matter of Wearen v Deputy Supt. Bish*, 2 AD3d 1361, 1362 [2003]). In the interest of judicial economy, we nevertheless address petitioner's contention that he was denied his right to contact his attorney (*see id.*). Nothing in the record indicates that petitioner sought to contact his attorney prior to the hearing (*cf. Matter of Jeckel v New York State Dept. of Corr.*, 111 AD3d 1180, 1181 [2013]). Rather, the record establishes that petitioner asked to consult with his attorney after the tier III hearing commenced, and it is well established that an inmate does not have a right to counsel at that hearing (*see Wolff v McDonnell*, 418 US 539, 570 [1974]; *Matter of Laureano v Kuhlmann*, 75 NY2d 141, 146 [1990]). We therefore confirm the determination and dismiss the petition. Present—Centra, J.P., Peradotto, Carni and Lindley, JJ.