■ In the Matter of DONALD CURTIS, Appellant, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [61 NYS3d 180]—

Clark, J. Appeal from a judgment of the Supreme Court (Elliott III, J.), entered February 29, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

After petitioner, an inmate, was observed punching two other inmates, he was charged in a misbehavior report with violent conduct, assault on an inmate and four other charges. Following a tier III disciplinary hearing, he was found guilty as charged. The determination was upheld on administrative appeal, with a modified penalty, prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition, and this appeal followed.

We affirm. Petitioner's sole argument on appeal is that his exclusion from the hearing requires annulment and expungement. However, while "an inmate has a fundamental right to be present during a prison disciplinary hearing," he or she may be "excluded for reasons of institutional safety or correctional goals" (*Matter of Rupnarine v Prack*, 118 AD3d 1062, 1063 [2014] [internal quotation marks, brackets and citation omitted]; *see Matter of German v Fischer*, 108 AD3d 998, 999 [2013]; 7 NYCRR 254.6 [a] [2]). Here, on the second day of the hearing, petitioner became argumentative when the Hearing Officer denied his objections, directed disparaging and vulgar remarks at the Hearing Officer and regularly interrupted the Hearing Officer, impeding the progress of the hearing, despite repeated directives to stop interrupting and being warned that he could be removed. At the outset of the third day, the Hearing Officer warned petitioner that he would be removed from the hearing if his disruptive behavior continued. When the hearing proceeded, petitioner continued to interrupt the Hearing Officer despite orders to stop doing so, denigrated the Hearing Officer and was argumentative. During the testimony of the assault victims, petitioner continually laughed out loud, interfering with the recording, despite warnings, and the Hearing Officer ordered his removal. Under these circumstances,

where petitioner persisted with obstructionist and argumentative conduct despite having been repeatedly and adequately warned that he would be removed from the hearing if such behavior continued, we discern no abuse of discretion in the decision to remove him from the remainder of the hearing (*see Matter of Micolo v Annucci*, 140 AD3d 1442, 1443 [2016]; *Matter of Garcia v Prack*, 128 AD3d 1244, 1245 [2015]; *Matter of Toliver v New York State Dept. of Corr. & Community Supervision*, 127 AD3d 1536, 1537 [2015]; *Matter of Rupnarine v Prack*, 118 AD3d at 1063).

Egan Jr., J.P., Lynch, Devine and Aarons, JJ., concur. Ordered that the judgment is affirmed, without costs.