Matter of McMaster v Rodriguez (2018 NY Slip Op 01523)





Matter of McMaster v Rodriguez


2018 NY Slip Op 01523


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

524928

[*1]In the Matter of K. McMASTER, Petitioner,
v
A. RODRIGUEZ, as Acting Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents.

Calendar Date: January 23, 2018

Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


K. McMaster, Marcy, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in five misbehavior reports with violating multiple prison disciplinary rules, including engaging in violent conduct, interfering with an employee, disobeying a direct order and making threats. Following a combined hearing, petitioner was found guilty of all charges and that determination was affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.
Initially, although the proceeding was properly transferred to this Court as the issue of substantial evidence was raised in the petition, petitioner does not address that issue in his brief and, therefore, that issue is abandoned (see Matter of Davis v Annucci, 140 AD3d 1432, 1432 [2016], appeal dismissed 28 NY3d 1109 [2016]). Petitioner's contention that he was denied log book entries, unusual incident reports and use of force reports is belied by the record, which reflects that the Hearing Officer provided, and petitioner acknowledged receiving and/or reviewing, such documents. To the extent that petitioner challenges the basis and timeliness of the extension requests, we find such challenges to be without merit. In any event, "the regulatory time limits are directory, rather than mandatory, and petitioner has failed to demonstrate that he [*2]suffered any prejudice as a result of any delay" (Matter of Williams v Department of Corr. & Community Supervision, 155 AD3d 1207, 1207-1208 [2017]).
We are also unpersuaded by petitioner's contention that he was improperly denied the right to call an inmate witness. Although the inmate initially agreed to testify, the record establishes that the Hearing Officer personally interviewed the inmate and ascertained a sufficient basis for his subsequent refusal to testify, to wit, that he was keeplocked at the time of the incidents (see Matter of Blades v Annucci, 153 AD3d 1502, 1503 [2017]; Matter of Vidal v Annucci, 149 AD3d 1366, 1368 [2017], lv denied 30 NY3d 906 [2017]; cf. Matter of Cortorreal v Annucci, 28 NY3d 54, 59-60 [2016]). Further, we reject petitioner's contention that he was improperly removed from the hearing, as the record reflects that he continued to interrupt and be argumentative despite warnings that he would be removed if his conduct continued (see Matter of Medina v Five Points Corr. Facility, 153 AD3d 1471, 1472 [2017]; Matter of Curtis v Annucci, 153 AD3d 1103, 1103 [2017]). Petitioner's remaining contentions, including that the Hearing Officer was biased and that the penalty imposed was excessive, have been reviewed and found to be without merit.
Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.