Matter of Nova v Annucci (2021 NY Slip Op 02922)





Matter of Nova v Annucci


2021 NY Slip Op 02922


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


404 TP 20-01019

[*1]IN THE MATTER OF JULIO NOVA, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered August 12, 2020) to review a determination of respondent. The determination found after a tier II hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78, seeking to annul a determination, following a tier II disciplinary hearing, that he violated certain prison disciplinary rules.
We note at the outset that, because the petition did not raise a substantial evidence issue, Supreme Court erred in transferring the proceeding to this Court (see Matter of Brown v Prack, 147 AD3d 1295, 1296 [4th Dept 2017]). In the interest of judicial economy, we nevertheless address petitioner's contention that he was improperly removed from the hearing while it was underway (see id.). Although inmates have a fundamental right to be present during their prison disciplinary hearings, "a petitioner may be properly removed from the remainder of a hearing where, upon receiving adequate warning, he or she continues to be unduly disruptive" (Matter of Rupnarine v Prack, 118 AD3d 1062, 1063 [3d Dept 2014]; see Matter of Jackson v Fischer, 59 AD3d 820, 820-821 [3d Dept 2009]; see generally Matter of Lashway v Irvin, 256 AD2d 1169, 1169 [4th Dept 1998]). Here, the record reflects that, among other things, petitioner argued with the Hearing Officer regarding what a video depicted, at times spoke over the Hearing Officer, accused both the Hearing Officer and "everybody" of being "a racist," began making hostile hand and body gestures, and failed to heed two warnings by the Hearing Officer that petitioner would be removed from the hearing if he did not stop his disruptive behavior. Under these circumstances, we conclude that the Hearing Officer did not act improperly in removing petitioner from the hearing (see generally Rupnarine, 118 AD3d at 1063).
We have considered petitioner's remaining contention and conclude that it lacks merit.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court