Matter of Cendales v Annucci (2021 NY Slip Op 04313)





Matter of Cendales v Annucci


2021 NY Slip Op 04313


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


648 TP 20-00758

[*1]IN THE MATTER OF LATASIO A. CENDALES, PETITIONER,
v
ANTHONY J. ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






LATASIO A. CENDALES, PETITIONER PRO SE.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Mark H. Fandrich, A.J.], entered June 17, 2020) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding seeking to annul the determination, following a tier III hearing, that he violated various inmate rules. Initially, we note that, " '[b]ecause the petition did not raise a substantial evidence issue, Supreme Court erred in transferring the proceeding to this Court' " (Matter of Wearen v Deputy Supt. Bish, 2 AD3d 1361, 1362 [4th Dept 2003]). Nevertheless, we address petitioner's contentions in the interest of judicial economy (see id.).
To the extent that petitioner contends that he was improperly denied his right to call witnesses, we reject that contention inasmuch as the requested witnesses would have provided testimony that was either irrelevant or redundant (see Matter of Cruz v Annucci, 152 AD3d 1100, 1102 [3d Dept 2017]; see also 7 NYCRR 253.5 [a]).
We also reject petitioner's contention that he was denied effective employee assistance by his employee assistant's failure to interview every inmate who may have been present and witnessed the stabbing that led to this proceeding. Even assuming, arguendo, that there was a violation of 7 NYCRR 251-4.2 based on the failure of petitioner's employee assistant to interview all such witnesses, we conclude that the Hearing Officer remedied any alleged defect in the assistance afforded to petitioner by taking testimony from five of the proposed witnesses at the hearing (see Matter of Jones v Fischer, 111 AD3d 1362, 1363 [4th Dept 2013]), all of whom testified that they did not see an assault. In addition, petitioner has not demonstrated that he was prejudiced by any of the employee assistant's alleged shortcomings (see Matter of Clark v Annucci, 170 AD3d 1499, 1500 [4th Dept 2019]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court