Matter of Burroughs v Corey (2025 NY Slip Op 00747)

Matter of Burroughs v Corey

2025 NY Slip Op 00747

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, DELCONTE, AND KEANE, JJ.

61 TP 24-01163

[*1]IN THE MATTER OF LORCEN BURROUGHS, PETITIONER,
S
v
UPERINTENDENT JOSEPH COREY, AUBURN CORRECTIONAL FACILITY, LT. VANTASSELL, CAPTAIN M. GILMORE, ACTING COMMISSIONER DANIEL F. MARTUSCELLO, AND DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS. 

LORCEN BURROUGHS, PETITIONER PRO SE. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENTS. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Thomas G. Leone, A.J.], entered July 16, 2024) to review a determination of respondent. The determination found after a tier II hearing that petitioner had violated various incarcerated individual rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier II disciplinary hearing, that he violated incarcerated individual rules 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusing direct order]) and 109.12 (7 NYCRR 270.2 [B] [10] [iii] [movement regulation violation]).
Initially, we note that the petition did not raise a substantial evidence issue, and thus Supreme Court erred in transferring the proceeding to this Court (see Matter of Cendales v Annucci, 196 AD3d 1069, 1069 [4th Dept 2021]; Matter of Nova v Annucci, 194 AD3d 1404, 1405 [4th Dept 2021]). In the interest of judicial economy, we nevertheless address petitioner's contentions (see Cendales, 196 AD3d at 1069; Nova, 194 AD3d at 1405).
We reject petitioner's contentions that the Hearing Officer improperly denied his request to call certain witnesses to testify at the hearing. "Although an [incarcerated individual] has a 'conditional right' to call witnesses . . . , an [incarcerated individual] is not entitled to call witnesses whose testimony is immaterial or redundant" (Matter of Ballard v Kickbush, 165 AD3d 1587, 1589 [4th Dept 2018], appeal dismissed 32 NY3d 1182 [2019]; see 7 NYCRR 253.5 [a]). Here, the proposed testimony of the various witnesses was either irrelevant or redundant (see Cendales, 196 AD3d at 1069-1070; Matter of Jackson v Annucci, 122 AD3d 1288, 1288-1289 [4th Dept 2014]).
Petitioner's contention that the Hearing Officer improperly denied him the use of the video of the incident is not preserved for our review inasmuch as petitioner did not request any video of the incident at the hearing (see Matter of Estrada v Annucci, 199 AD3d 1145, 1146 [3d Dept 2021]; Matter of Burgess v Annucci, 178 AD3d 1419, 1420 [4th Dept 2019]). We have reviewed petitioner's remaining contention and conclude that it is without merit.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court